BUTLER vs. BUTLER and others.

EQUITY:   *When deed adjudged a mortgage.*

While it is the established doctrine in this state, that a conveyance made as
security for a loan of money, whatever may be its form, will be treated
by equity as a mortgage, and that parol evidence will be admitted to
show that a deed absolute on its face was intended as such a security,
yet the evidence in the present case (for which see the opinion) is insuffi-
cient to satisfy this court, against the finding of the court below, that
plaintiff's absolute deed here in question was given as a mere security.

APPEAL from the Circuit Court for *Milwaukee* County.
Action to have a certain deed of conveyance, absolute on its
face, adjudged a mortgage, and for an accounting between the
parties thereto, and for leave to redeem.   The court found
that the deed was not a mortgage, and rendered judgment
dismissing the complaint, etc.; from which the plaintiff
appealed.

*J. F. McMullen*, for the appellant.

*E. Mariner*, for the respondent.

COLE, J.   The learned counsel for the plaintiff below is
entirely right in saying that it is the established doctrine in
this state, that, whatever may be the form of the conveyance
made as a security for a loan of money, equity will treat it as
a mortgage.   Even though the conveyance be a deed absolute
on its face, yet by parol evidence it may be shown to have
been originally intended as a mortgage.   The rule which
excludes parol testimony to contradict or vary the terms of a
written instrument, is held not to apply in such a case so as to
prevent a court of equity from inquiring into the real nature
of the transaction, and giving effect to the intention of the
parties.   The plaintiff seeks to take advantage of this rule of
law, and have the deed which was executed to the defend-
ant *John Butler*, on the 26th of May, 1857, by George C.

Cole, acting under the power of attorney from the plaintiff and wife, converted into a mortgage. The complaint alleges that the object of giving this deed was to secure to the defendant *John Butler* the repayment of such sums of money as he should thereafter loan the plaintiff; that no particular sum was agreed upon to be loaned to him by *John Butler;* but that the latter was to loan him, on interest at 7 per cent., such sums as he might from time to time require, not exceeding the sum of $35,000, the consideration named in the deed. It is alleged that no money was loaned at the time the agreement was entered into, but that, in pursuance thereof, money was subsequently advanced. This is the substance of the contract, as stated in the complaint. The circuit court found, as matter of fact, that that deed was not executed upon any agreement of the defendant *John Butler* to loan money to the plaintiff, nor as security for money theretofore loaned, but was an absolute deed, unaffected by any other agreement than such as it contains. We are inclined to think that this finding is in accord with the proof in the case. Certainly there is no such preponderance of testimony in support of the inference that the deed was originally intended as a mortgage, as would warrant this court in setting it aside. The real object or purpose of making this conveyance is not satisfactorily disclosed in the evidence. The more probable supposition would seem to be, that the deed was given in pursuance of some secret trust or understanding between the plaintiff and his brother *John*. The account which the plaintiff gives of the transaction is, in substance, that he was in poor circumstances; found it difficult to support his large family from his farm alone; was pressed by a mortgage for $500 running to one Robinson, the interest on which was about to become due, and went to his brother for assistance; and that, as the result of their talk or negotiation, *John* agreed to assist him to money from time to time as he might need, and take the land as security. But it does not appear, even

from the plaintiff's own version of the matter, that *John* agreed to loan, or that he agreed to borrow, any particular sum, and pay interest upon it. The amount of the loan, the rate of interest, the time when the money was to be repaid and a reconveyance made, are all left in doubt and uncertainty. Certainly the plaintiff was under no obligation to borrow a cent upon the credit of the conveyance; no relation of debtor and creditor then existed, or was certain to exist in the future. It is a significant fact, also, that the deed was made expressly subject to the Robinson mortgage. Indeed, after a full and careful examination of all the testimony offered on the part of the plaintiff, we regard it as too indefinite, unsatisfactory and inconclusive to warrant us in saying that this absolute deed was originally intended by the parties to be a mere mortgage or security for money. There is no element of mistake, surprise or fraud in the case, nor any pretense that the deed was not freely and voluntarily made. Thus the absolute title, apparently in *John*, was suffered to remain for eighteen years, without any attempt to ascertain and settle the amount of money loaned on the credit of the deed, if any in fact ever was loaned. This lapse of time is a pregnant circumstance against the claim of the plaintiff. Nor do we discover any fact or circumstance attending the acquisition of the title by the defendant *John* on the foreclosure of the Robinson mortgage, which aids the plaintiff's case. It appears that that mortgage was foreclosed some twelve or fourteen years after the deed in question was given, and the property was bid in by the mortgagee. Afterwards *John* paid Robinson $1,200, and took a conveyance of the premises from him. The plaintiff says that he knew when that conveyance was made; that he told Robinson he was willing his brother should pay him and take a deed of the land. But he does not say that it was understood at the time that this purchase should be made for his benefit, and that he was to have the right to redeem. We think we should be relaxing the rule more than any well

considered case has yet done, were we to set aside the finding of the court below, and hold the evidence in this case sufficient to convert the absolute deed into a mortgage. As already indicated, the most rational explanation to be given for this conveyance in the first instance is, that it was executed in pursuance of some secret trust or understanding between the parties. It is idle to conjecture what that trust or understanding was. In some of its features, the case is quite like that of *Rasdall's Ex'rs v. Rasdall*, 9 Wis., 380.

But it was claimed by the learned counsel for the plaintiff, that the case, in all its essential facts, was strikingly similar to *Wilcox v. Bates*, 26 Wis., 465, and is ruled by that decision. We think this is a mistake. In *Wilcox v. Bates* the court was entirely satisfied, from the proof, that the title to the plaintiff's property was taken by Bates in pursuance of an agreement that his advances were to be made as a loan, and that he was to hold the title merely as security for their repayment. Bates was considered as a purchaser of the tax certificates, the sheriff's certificates of sale upon judgments, and the title under the foreclosure of the Naiden mortgage, for the benefit of Wilcox. The court was "unable to avoid the clear conviction" that Bates acquired the title merely as security for advances made to discharge the incumbrances, and under a contract with the plaintiff that he might redeem. Assuming that this view was correct, and that such a contract existed, it would have been sanctioning gross misconduct on the part of Bates, to permit him to repudiate the contract and keep the property. In the present case, we are unable to find any satisfactory evidence showing that the deed was made as a security for present or future advances. Surely the relation of debtor or creditor did not exist when the deed was executed, and it is difficult to say that there was a present agreement for a future loan and reconveyance of the property. So, upon the whole case, we think the circuit court was right in holding

that the deed was not executed as a security for money theretofore advanced or then loaned.

*By the Court.* — The judgment of the circuit court is affirmed.