MATTHEWS, Respondent, vs. CAPITAL FIRE INSURANCE COMPANY, imp., Appellant.

*September 4 — September 23, 1902.*

*Fire insurance: "Unconditional and sole ownership": Land contract: Waiver of conditions: Estoppel: Assignment as security: Parol evidence.*

1. The interest of a vendee of realty under a land contract is "unconditional and sole ownership" within the meaning of the standard fire policy, providing that the "entire policy . . . shall be void . . . if the interest of the insured be other than unconditional and sole ownership."

2. That provision of the standard fire policy (contained in sec. 1941—62, Stats. 1898) which precludes the waiving of any condition or provision thereof by any officer or agent of the company unless the waiver be written upon or attached to the policy, does not prevent the company from becoming estopped to insist upon conditions relating to the mere establishment of liability under the policy. Thus, in this case, the denial by an adjusting agent of all liability under the policy is *held* to estop the company from asserting as a defense that the assured had failed to furnish proofs of loss as required by the policy.

3. Where an assignment of an insurance policy, though absolute in form, contained recitals indicating that it was made solely to secure the assignee against loss by reason of his guaranty of payment by the insured of the purchase price of the land on which the insured property was located, it was not error to admit parol evidence to show that such was its purpose.

APPEAL from a judgment of the circuit court for Douglas county: A. J. VINJE, Circuit Judge. *Affirmed.*

Action upon a fire insurance policy. The insurance contract was in the form of the standard policy required by the laws of this state. It contained this provision: "This entire policy . . . shall be void . . . if the interest of the insured be other than unconditional and sole ownership." The fact was, as shown in the complaint, that such interest was that of a vendee under a land contract. The

policy also contained a provision requiring proofs of loss after the happening of a fire, and before the lapse of sixty days thereafter, as a condition precedent to the maturity of any claim on the part of the assured thereunder. Defendant's adjusting agent, after the fire occurred, while acting for his principal in examining into the circumstances of the loss, denied all liability to plaintiff under the policy. There was an assignment of the policy by the assured to E. A. Muck. The assignment was indorsed on the back of the policy. It was absolute in form, but contained recitals to the effect that the assured was the vendee of certain lands upon which the buildings and property covered by the policy were located; that there was due to the vendor under such contract the sum of $800; that E. A. Muck was the assured's guarantor for the payment thereof; that the contract required the vendee to carry $700 of insurance on the buildings for the benefit of the parties thereto as their interest might appear; and that in consideration of $800 paid to the assignor by Muck the assignment was made. Defendant's agent indorsed upon the policy the customary consent of the company to the assignment, with knowledge of the facts. Evidence was permitted, under objection, showing that the purpose of the assignment was to secure Muck against any loss happening to him by reason of the guaranty.

At the close of the evidence it was agreed by the attorneys for the respective parties that there was but one controverted question of fact, that being whether defendant's agent, who indorsed its consent to the assignment of the policy to Muck, knew the purpose of such assignment and gave such consent notwithstanding. They further agreed to the submission of such question, only, to the jury. The decision thereof was in plaintiff's favor. All other questions being decided in his favor, judgment was rendered for him for $678.80 damages and costs.

For the appellant there was a brief by *W. P. Crawford* and *Brown & Kerr,* and oral argument by *F. V. Brown.*

For the respondent there was a brief by *Geo. C. Cooper* and *Geo. L. Spangler,* and oral argument by *W. D. Dwyer.*

MARSHALL, J.   The assignments of error raise three questions which will be considered in their order.

1. Is the interest of a vendee of realty under a land contract "sole and unconditional ownership" within the meaning of that provision of the standard policy requiring such ownership as a condition precedent to the validity of an insurance contract made in accordance therewith? This court held contrary to appellant's position on that point in *Davis v. Pioneer F. Co.* 102 Wis. 394, 78 N. W. 596. That decision is in harmony with holdings of this court made prior to the enactment of the standard policy law. The authorities elsewhere are uniform to the same effect. The idea is that equitable ownership is, properly speaking, entire and sole ownership as regards the real purpose of the provision commonly used in insurance contracts on that subject. It does not seem that we are called upon to reconsider or discuss a matter so well settled as the law on the subject in question. *Franklin F. Ins. Co. v. Crockett,* 75 Tenn. 725, 729; *Millville Mut. F. Ins. Co. v. Wilgus,* 88 Pa. St. 107, 110; *Chandler v. Commerce F. Ins. Co.* 88 Pa. St. 223, 227; *Lewis v. New England F. Ins. Co.* (C. C.) 29 Fed. 496; *Pennsylvania F. Ins. Co. v. Hughes,* 47 C. C. A. 459, 108 Fed. 497; *Dupreau v. Hibernia Ins. Co.* 76 Mich. 615, 43 N. W. 585; *Loventhal v. Home Ins. Co.* 112 Ala. 108, 20 South. 419; *Insurance Cos. v. Estes,* 106 Tenn. 472, 62 S. W. 149.

2. Did the conduct of appellant's adjusting agent, in denying all liability of his principal under the policy after the loss occurred, waive the provision thereof requiring proofs of loss? It is conceded that were it not for the provision of law in terms precluding the waiving of any condition or provision

thereof, other than expressly in a writing indorsed thereon or attached thereto (sec. 1941—62, Stats. 1898), the acts of the agent would have had that effect. But it is said that in view of disability of the agent being a matter of law, decisions on the subject, as regards insurance contracts not regulated by any legislative enactment in regard to the matter, do not apply, and that the effect of the standard policy statute was overlooked in *Faust v. American F. Ins. Co.* 91 Wis. 158, 64 N. W. 883, where the precise question here presented was decided adverse to counsel's contention, though the effect of the law was fully recognized in *Bourgeois v. N. W. Nat. Ins. Co.* 86 Wis. 606, 57 N. W. 347. The difficulty with counsel's position is that in the last case cited the question was whether a provision affecting the validity of the insurance contract could be waived by parol, not whether the doctrine of estoppel *in pais* may be invoked to prevent an insurance company from relying upon failure to do some particular thing required by its contract after a loss, requisite to the maturity of a claim to recover therefor. The two questions are entirely different. While it is true the term "waiver" was used in *Faust v. American Ins. Co.,* and is commonly used under similar circumstances, it is well settled that such circumstances do not fall under the disability clause as to waiver by parol of conditions or provisions in an insurance contract. That refers to conditions or provisions requisite to the validity of the contract itself, not to the mere establishment of liability under the contract. If the assurer in any case is guilty of such conduct as to render some mere matter of detail in the establishment of a claim for loss under a policy useless, and to lead the assured to assume, reasonably, that compliance with the provision of the policy in that regard will not be insisted upon, it does not, strictly speaking, work a waiver of such provision, but it estops the company from insisting thereon. There are many cases in the books on this subject. *Travelers Ins. Co. v. Harvey,* 82 Va. 949, 5 S. E. 553; *Carson v. Jersey City Ins. Co.*

43 N. J. Law, 300; *Loeb v. Am. Cent. Ins. Co.* 99 Mo. 50, 12 S. W. 374; *Stevens v. Citizens' Ins. Co.* 69 Iowa,. 658, 29 N. W. 769; *Phenix Ins. Co. v. Munger,* 49 Kan. 178, 30 Pac. 120; *Franklin F. Ins. Co. v. Chicago Ice Co.* 36 Md. 102. The trial court decided entirely right in holding that under the circumstances of this case the appellant was estopped from insisting upon respondent's failure to furnish proof of loss as a defense to his claim. The denial of all liability by its adjusting agent was its denial, since he was sent by the company to respondent to investigate the circumstances of the fire and to adjust the loss. In that situation to have furnished proofs of loss would have been a useless proceeding.

3. Did the court err in permitting evidence to show that the purpose of the assignment was to secure the assignee against loss by reason of his guaranty? The idea of appellant's counsel is that such evidence tended to vary a written instrument contrary to the rule on that subject. It seems that the assignment, rightly construed, shows plainly on its face that Muck was a mere pledgee of the policy. In that light, if the court committed error in making the rulings complained of, appellant was not prejudiced thereby. The assignment, as indicated in the statement of facts, contained recitals showing, pretty clearly, that it was made solely as security. Had it said, after the recitals, "in consideration of the premises" instead of "in consideration of $800 paid," etc., no one could reasonably claim that an absolute assignment was intended. As the matter stands, it seems quite clear that the consideration named refers to the guaranty of the payment of $800 upon the land contract, not to the actual payment of money to that amount to the assignor. That being so, necessarily, we should say, Muck's interest in the policy is to be measured by such sums as he contributed under the surety contract, and that the policy must otherwise be held to belong to the assignor. However, it is well settled that a sale or assignment, absolute in form, may be shown to have been

made for security only, without violating the rule contended for by appellant's counsel. It merely enables the court, viewing the circumstances characterizing the making of the assignment, to determine its real nature. That is permitted where it is plain that the literal sense of the language of the writing does not exhibit the real transaction. *Kent v. Agard,* 24 Wis. 378; *Butler v. Butler,* 46 Wis. 430, 1 N. W. 70; *Hoile v. Bailey,* 58 Wis. 434, 17 N. W. 322; *Schriber v. Le Clair,* 66 Wis. 579, 29 N. W. 570, 889; *Evans v. Laughton,* 69 Wis. 138, 33 N. W. 573; *Becker v. Howard,* 75 Wis. 415, 44 N. W. 755.

The foregoing leaves no matter referred to in appellant's brief that calls for mention. There was clearly a valid claim established under the policy in which respondent was interested, and he having brought all parties concerned before the court, it properly proceeded to adjudicate their rights and to render the judgment appealed from. As no complaint is made respecting the result except such as are involved in the questions decided, the judgment must be affirmed.

*By the Court.*—So ordered.