JACOBS and others, Respondents, vs. QUEEN INSURANCE COM-
PANY OF AMERICA and others, Appellants.

SAME, Appellants, vs. NEW HAMPSHIRE FIRE INSURANCE
COMPANY, Respondent.

*December 16, 1904—January 10, 1905.*

*Appeal and error: Justices of supreme court: Equal division of jus-
tices: Affirmance: Rehearing: What justices participate therein:
Fire insurance: Arbitration under standard policy: Evidence:
Prejudicial error.*

1. Where the justices of the supreme court are equally divided on
a question vital to the result on the appeal, the judgment is
affirmed *ex necessitate.*
2. In such case, no opinion will be filed.
3. Where, on appeal, a cause has once been decided, a rehearing
will not be granted as to questions already considered, unless
it is rendered necessary by a change in the views of one or
more of the justices participating in the matter at first.
4. In an action on a standard policy of fire insurance, where it
was established beyond reasonable controversy that the build-
ing was not totally destroyed, and it appeared that under the
provisions of such policy the damages were adjusted by an
arbitration, questions bearing on the amount of loss to the
building caused by fire are not open for consideration upon the
trial, in the absence of evidence warranting a finding that the
arbitrators acted fraudulently, or outside their jurisdiction.
5. In such case, after evidence had been received that the city build-
ing inspector was duly authorized to impose upon the owner
of a building the duty to take down dangerous walls, the court
ruled out evidence of a notice given by such building inspector
condemning as dangerous the front wall of the building and
ordering it taken down. *Held,* that whether such ruling was
proper or not it did not constitute prejudicial error.

APPEALS from judgments of the circuit court for Dane
county: E. RAY STEVENS, Circuit Judge. *Affirmed on
both appeals.*

Action to recover on five insurance policies. In March,
1902, *Frank W. Jacobs* and *Carrie J. Kitchell* by will of
William Jacobs, deceased, became possessed of the title in

fee of certain real estate in the city of Milwaukee including the building thereon. *Joseph W. Hobbins* was the executor of such will. May 1, 1902, he procured of the defendant insurance companies policies of insurance on such building against loss by fire. Each of such policies ran to *Joseph W. Hobbins,* executor of the estate of William Jacobs, deceased, and was in the statutory form of this state. September 26, 1902, *Carrie J. Kitchell,* by an instrument duly witnessed and acknowledged so as to entitle the same to be recorded conveyed the undivided one half of such property to *Frank W. Jacobs* and said *Joseph W. Hobbins,* as trustees. This language was used in such instrument as to the title conveyed and the nature of the trust:

"Grant, bargain and sell to the parties of the second part as joint tenants, and not as tenants in common, and to their heirs, assigns and successors in trust, for the term of two years from this date," etc.; "to have and to hold the same as such joint tenants with all the privileges and appurtenances to the same building for the space of two years from this date, but in trust, nevertheless, for the following purpose only, that is to say: such trustees shall take possession of and hold, use and manage and control all my real estate herein described and any into which the same may be converted, and shall rent, lease and let the same, pay for all repairs, assessments, and taxes and insurance, and all lawful charges, and pay over to me all net rents and profits therefrom monthly. They may also use any money and securities or means of mine in their hands, for the purpose of improving my real property, . . . when so authorized in writing by both of us. Upon the joint authority and request in writing of the party of the first part, and *Frank W. Jacobs* duly signed by both . . . 'to sell and convey as well as to mortgage . . . said real estate. At the expiration of the said term of two years, or at my death prior to that time, or the death of either trustee, said trustee, or the survivor shall release and reconvey to me, or to such person or persons as I may by last will and testament designate and appoint, all their right, title and interest in such

real estate,  . . . . and in any event the right, title and interest and claim of such trustees, shall, either upon the expiration of said term of two years, or my death, or the death of either of them, absolutely cease and determine."

January 21, 1903, while the title to the property remained as indicated by such trust deed, the building thereon, insured as aforesaid, was wholly or partially destroyed by fire.   Thereupon it was claimed that the interests of *Frank W. Jacobs* and *Carrie J. Kitchell,* whether that of the latter was held by herself or by the trustees under said trust deed, were covered by said policies.   The total amount of the face of the insurance policies was $15,000.   Such proceedings were duly taken as were necessary to fix the liability of said insurance companies under said policies, if they were liable in any event under the circumstances.   There being a disagreement between the parties interested as to the amount of the loss by due proceedings it was determined by arbitration to be $7,834.32.   Plaintiff in due time commenced an action against each company to recover on the policy issued by it, the aggregate loss claimed being $9.949.47.   The five actions were subsequently consolidated into one under sec. 2609*a*, Stats. 1898.   The defendants answered severally alleging, among other things, the following:   The policy insured against loss by fire *Joseph W. Hobbins,* as executor.   He was not, either as executor or otherwise, at the time of the issuance of the policy or thereafter, up to and inclusive of the happening of the fire, the unconditional sole owner of the building insured, and the ground upon which it stood, by reason whereof the condition of the policy was breached and it was rendered invalid under this condition thereof:

"This entire policy, unless otherwise provided by agreement endorsed hereon or added hereto, shall be void  . . . if the interest of the insured be other than the unconditional and sole ownership, or if the subject of the insurance be a building on ground not owned by the insured in fee simple."

The policy was also fatally breached as to such condition because the building was not on ground owned by the insured in fee simple, and because a material part thereof, to wit, the north twenty inches, as to the undivided one half, was owned in fee simple by parties other than those insured under the policy. The making of the trust deed heretofore mentioned fatally breached this condition of the policy:

"This entire policy, unless provided by agreement endorsed hereon or added hereto, shall be void, if any change other than by the death of the insured, takes place in the interest, title or possession of the subject of the insurance, except change of occupants, without increase of hazard, whether by legal process, or judgment, or voluntary act of the insured, or otherwise."

January 6, 1903, the policy was duly assigned and title thereto transferred by the Dane county court to *Frank W. Jacobs* and *Carrie J. Kitchell,* and was also assigned by said *Carrie J. Kitchell,* fatally breaching this condition of the policy:

"This entire policy, unless otherwise provided by agreement endorsed hereon, or added hereto, shall be void  .  .  . if this policy be assigned before the loss."

The answer further pleaded the arbitration clause of the policy and appropriate proceedings thereunder whereby the loss upon the building was in due form, as alleged, determined by the arbitrators to be $7,834.32.

The trial resulted in a special verdict, as follows:

(1) Under the designation *"Joseph W. Hobbins,* Executor," the defendants, through their agents, at the time the policies were issued, understood that the interests of plaintiffs *Kitchell* and *Jacobs* in the property, were insured thereby.

(2) The building was not wholly destroyed by fire.

(3) The direct damage and loss to the building by fire was $7,818.45.

(4) The award by the arbitrators is valid.

Thereupon such proceedings were duly taken that a separate judgment was rendered in plaintiff's favor against each defendant for its due proportion of such loss. The necessary motions and objections were made, rulings taken thereon, and exceptions saved thereto to preserve for review the trial court's decision adverted to in the opinion. Each defendant appealed. Plaintiffs appealed from the judgment in their favor against the *New Hampshire Fire Insurance Company*.

*A. L. Sanborn* and *J. B. Sanborn*, for the plaintiffs.

For the defendants there were briefs by *Van Dyke & Van Dyke & Carter*, attorneys, and *John M. Olin*, of counsel, and oral argument by *W. D. Van Dyke*.

Marshall, J.    In this case because of interest of near relatives in the result, the Chief Justice deemed it improper for him to participate. The remaining justices being equally divided on a question vital to the result on defendant's appeals, the judgments as to such appeals must be affirmed *ex necessitate*. Justices Winslow and Dodge concur with the decision of the trial court, while Justice Siebecker and the writer entertain a different opinion. In harmony with an unwritten rule for the treatment of such situations no opinion will be filed.

It seems best to say for the guidance of counsel that there is a further unwritten rule in this court, that a case once decided will not be opened as to questions already considered, unless that is rendered necessary by a change in the views of one or more justices, participating in the matter at first.

On plaintiffs' appeal error is assigned because the court ruled out a notice given by the building inspector of Milwaukee condemning as dangerous the front wall of the building and ordering it to be taken down. It was claimed that such dangerous character was caused by the fire. Prior to such offer evidence was received showing that the inspector was duly authorized in such case to impose upon the owner of a

building the duty to take down dangerous walls. The bearing of the evidence was on the amount of loss to the building caused by the fire.

It seems to have been established beyond reasonable controversy that the building was not totally destroyed and therefore under the terms of the policy the damages to the structure were a proper subject for adjustment by arbitration, and were so adjusted. That being the case no question in regard to the matter was open for consideration upon the trial in the absence of evidence warranting a finding that the arbitrators acted fraudulently or outside their jurisdiction. *Fox v. Masons' F. A. Asso.* 96 Wis. 390–395, 71 N. W. 363; 4 Joyce, Insurance, §§ 3248–3253. On all questions of fact in that regard the jury found for the defendant and it is conceded that such finding was warranted on the evidence produced. An examination of the record leads to the conclusion that no other finding could fairly have been made and that the evidence rejected, had it been introduced, would not reasonably have changed the result. Therefore the ruling complained of whether proper or not worked no harm to the plaintiff and constitutes no prejudicial error.

*By the Court.*—On plaintiffs' appeal the judgment is affirmed, and on defendant's appeals the judgments are affirmed.

CASSODAY, C. J., took no part.