MACOMBER, Appellant, vs. MINNEAPOLIS FIRE & MARINE INSURANCE COMPANY and another, Respondents.

*May 12—June 22, 1925.*

*Insurance: Title to property insured: Equitable ownership: Conveyance to one person while consideration paid by another: Transfer by wife to create joint tenancy with husband: Estoppel: Where contract never existed: Legal representatives: Who are.*

1. While equitable ownership of property is "unconditional and sole ownership" within the language of the standard fire insurance policy, where a husband paid the consideration for real estate, title to which was taken in the name of his wife, such husband was not the equitable owner, as under sec. 2077, Stats., title vested in his wife.  p. 434.
2. Where such property, over which the husband claimed equitable ownership, was transferred so as to create a joint tenancy with the husband, the change voided the policy under a provision therein for forfeiture on change of title other than by the death of the insured.  p. 435.
3. The doctrine of estoppel will not apply to create a contract that never existed; therefore, where plaintiff claimed benefit under an insurance policy taken out in the name of his deceased wife, although the insurance companies requested him to furnish proofs of loss and discussed rebuilding with him, plaintiff, having no contractual relation with the defendant companies, could not invoke the doctrine of estoppel to prevent their denying liability.  p. 436.
4. Plaintiff could not claim benefit under the terms of the policy as his wife's legal representative, since on her death he became sole owner, the words "legal representative," as used in the policy, meaning any person who by operation of law stands in place of and represents the insured, and includes executors, administrators, trustees, receivers, guardians, and any who stand clearly in a representative capacity.  p. 437.

APPEAL from a judgment of the circuit court for Marathon county: A. H. REID, Circuit Judge.  *Affirmed.*

This was an action brought on three fire insurance policies, aggregating $2,100, tried before the court and a jury. At the conclusion of the evidence the court directed a verdict for the defendants.  A verdict was also directed in favor of

Mary Latsch, mortgagee, to the amount of $1,000, and judgment entered thereon. Thereafter, on motion of the defendants, said defendants were subrogated to the rights of Mary Latsch, mortgagee.

The facts established by plaintiff's evidence, which must be taken as true for the purposes of this appeal, are in substance as follows: The plaintiff, *George Macomber*, and his wife, Emma Macomber, lived in a dwelling house on certain lands, the legal title to which was in Emma Macomber. The property was purchased with money furnished by the husband, and the wife had no property of her own prior thereto. The insurance policies in question were taken out in the name of Emma Macomber. Thereafter Emma Macomber transferred the property to Anna M. Stockum, who in turn deeded the property back to *George Macomber* and Emma Macomber as joint tenants. Shortly after these transfers the insurance companies' agent was told of the transfers, but no request was made to change the insurance policies. Thereafter Emma Macomber died, and *George Macomber*, by operation of law, became the sole owner of the property. The insurance companies' agent knew of the death of Emma Macomber, but the policies were allowed to continue as first issued. Thereafter the dwelling house burned, and *George Macomber* made claim for the amount of the insurance. Negotiations were had by the insurance companies and the plaintiff with reference thereto. The insurance companies did not deny liability, but, because of other insurance taken out in the name of *George Macomber* after he became the sole owner of the property, the defendants contended they were entitled to prorate the loss. An agent of the companies, having knowledge of the facts, called upon the plaintiff and requested that proofs of loss be furnished, and discussed the possibility of the companies rebuilding. The plaintiff thereupon furnished proofs of loss at a considerable inconvenience to himself and at some expense for attorney's fees. The negotiations for settlement fell through and the

action was commenced, whereupon the defendants denied liability.

The plaintiff seeks to recover on the ground that he was the equitable owner of the premises in the first instance, and that the insurance was taken out for his benefit. He also claims that the insurance companies waived forfeiture because of the transfer of title, and cannot be heard to object thereto. He further claims that the companies are estopped from denying liability because of their actions in failing to deny liability after the loss, in negotiating settlement, and in requiring proofs of loss.

For the appellant there was a brief by *Brown, Pradt & Genrich* of Wausau, and oral argument by *L. A. Pradt, Jr.*

For the respondents the cause was submitted on the brief. of *Bird, Okoneski & Puchner* of Wausau and *Snyder, Gale & Richards* of Minneapolis.

CROWNHART, J. The trial court directed judgment in favor of the defendants on the theory that a contract of insurance is personal between the parties, and that the insurance companies, defendants, never entered into any contract of insurance with the plaintiff. The plaintiff, on the other hand, contends that he was the equitable owner of the premises and as such was entitled to insure the same, and that the insurance policy issued on the premises was for his benefit.

The policy contains a provision of forfeiture if the title to the property shall be other than "unconditional and sole ownership." This court held in the case of *Matthews v. Capital F. Ins. Co.* 115 Wis. 272, 91 N. W. 675, that equitable ownership of property was "unconditional and sole ownership," within the language of the standard policy; but here the trial court held that payment of the consideration for the premises by the plaintiff did not constitute him the equitable owner, and this would seem to be a correct view

of the law.   The deed conveyed the property to the plaintiff's wife in fee simple.   Sec. 2077, Stats., provides:

"When a grant for a valuable consideration shall be made to one person and the consideration therefor shall be paid by another, no use or trust shall result in favor of the person by whom such payment is made; but the title shall vest in the person named as the alienee in such conveyance, subject only to the provisions of the next section."

The next section refers to conveyances in fraud of creditors.   But assuming that the plaintiff had the equitable title, when the wife conveyed to the third party for the purpose of creating a joint tenancy, and the third party conveyed back to the husband and wife as joint tenants, there was a change of title which created a forfeiture under a provision of the policy, to wit:

"This entire policy shall be void unless otherwise provided by agreement in writing added hereto, . . .

"(d) if any change, other than by the death of an insured, take place in the interest, title or possession of the subject of insurance. . . ."

The policies in question were issued under the standard policy law, and the provision of forfeiture quoted is one of the standard provisions.

The first standard policy law, ch. 195, Laws 1891, was considered in *Bourgeois v. Northwestern Nat. Ins. Co.* 86 Wis. 606, 57 N. W. 347, and it was pretty plainly intimated that the law would be liberally construed to carry out the legislative policy.   This law was held unconstitutional in *Dowling v. Lancashire Ins. Co.* 92 Wis. 63, 65 N. W. 738, and thereafter a new standard policy law was created by ch. 387, Laws 1895.   Under this latter law this court held, in *Matthews v. Capital F. Ins. Co.* 115 Wis. 272, 91 N. W. 675, that the doctrine of estoppel applied where a company denied liability and the insured, relying thereon, did not furnish proofs of loss.

In *Keith v. Royal Ins. Co.* 117 Wis. 531, 94 N. W. 295, it was held that there was no waiver of forfeiture because of change of title, although the insurance agent had knowledge of such change, if he merely remained silent. It was there held that the provision in the standard policy, voiding the policy in case of change of title, is self-executing, and no duty is imposed upon the insurer upon his being merely informed of such a change.

In *Welch v. Fire Association,* 120 Wis. 456, 98 N. W. 227, the law was considered with reference to the doctrine of waiver and estoppel. The provision of the standard policy law as to waiver, to the effect that any waiver must be in writing indorsed on the policy, was upheld, but it was there determined that the doctrine of estoppel, as theretofore laid down by this court, still prevailed. Since the decision in the *Welch Case, supra,* this court has sometimes used the term "waiver" where the term "estoppel" more properly should have been used. But the distinction between the two terms as used in the law of insurance remains as laid down in the *Welch Case.*

Prior to the standard policy law, it was held, in *Oshkosh G. L. Co. v. Germania F. Ins. Co.* 71 Wis. 454, 37 N. W. 819, that the forfeiture provision of a policy of insurance was waived where the insurance company negotiated settlement and required the insured to go to some inconvenience and expense in filing proofs of loss. Waiver there was clearly used in the sense of estoppel, and the same idea is suggested in *Smeesters v. New Denmark M. H. F. Ins. Co.* 177 Wis. 41, 187 N. W. 986.

But the difficulty of applying the doctrine of estoppel in this case arises from the fact that the plaintiff never had any contractual relations with the defendant companies, and the doctrine of estoppel will not apply to create a contract that never existed. If the plaintiff had a policy of insurance with the defendant companies, and the companies were here asserting a forfeiture by reason of some condition in the poli-

cies, it might well be held, under the cases cited, that the companies were estopped from asserting the forfeiture by reason of requiring the plaintiff to go to expense and inconvenience in filing proofs of loss. But such is not this case. We are asked to create a contract of insurance in the first instance, and then invoke the doctrine of estoppel as to this court-made contract. This cannot be done.

The plaintiff makes the further contention that he succeeded to the rights of Emma Macomber by virtue of the terms of the policies to the effect that the company "does insure Emma Macomber and legal representatives." Plaintiff did not sue as a legal representative of Emma Macomber. Immediately upon the death of Emma Macomber her interest in the property ceased and plaintiff became the sole owner thereof. The term "legal representative" as used in the policies means any person who, by operation of law, stands in place of and represents the insured, and includes executors, administrators, trustees, receivers, guardians, and any who stand clearly in a representative capacity. 26 Corp. Jur. 444; 14 Ruling Case Law, p. 1372, § 540; 5 Words & Phrases (1st ed.), p. 4070. In this case the plaintiff represented himself and none other.

It is conceded that if the decision of the trial court was right in directing the verdict, then the defendants were entitled to be subrogated to the rights of the mortgagee.

The decision of the trial court must be affirmed.

*By the Court.*—The judgment of the circuit court is affirmed.