Loomis and others, Respondents, v. Vernon Mutual Fire Insurance Company, Appellant.

*October 3—October 31, 1961.*

For the appellant there were briefs by *Lowry, Hunter & Tikalsky* of Waukesha, and oral argument by *Richard N. Hunter.*

For the respondents there was a brief by *Love, Davis & McGraw* of Waukesha, attorneys, and *Hubert O. Wolfe* of Milwaukee of counsel, and oral argument by *John C. Love.*

BROADFOOT, J.   The defendant argues that the policy was issued to William Loomis and legal representatives and that at the time of the fire the insured property was owned by persons whose interest therein the policy did not purport to insure.   Authority is cited that an insurance policy is a personal contract between the insurer and the named insured.   That is undoubtedly true, but it does not settle the issues before us.   It is not contended that the policy is so personal that it lapsed upon the death of William Loomis.   It is admitted that the inclusion of legal representatives as insureds keeps the policy in force for some period after the death of William Loomis.

The defendant contends that the extended period ceased when the final decree was entered in the estate.   It states this is so because during the period involved in probating the estate, any action brought upon the policy would have to be by the administrator.   That is not the point in issue and does not determine the issue.

The defendant also argues that the final decree amounted to an assignment of title without its consent, contrary to provisions in the policy.   That contention is not sound.   The loss was of real property, which descended directly to the plaintiffs as of the date of death of William Loomis.   Their title did not depend upon the final decree.   It became theirs by operation of law.

The key to the solution of this case is the construction to be given to the words "legal representatives."   The defendant contends that the words should be construed to

mean the same as personal representatives, in this case the administrator. It relies upon the case of *Macomber v. Minneapolis Fire & Marine Ins. Co.* (1925), 187 Wis. 432, 204 N. W. 331. In that case a wife having title to property insured the same in her own name. Later she secured the transfer of the title to her husband and herself as joint tenants. Thereafter the wife died and the husband became sole owner of the property. Subsequent to the death of the wife, the property was destroyed by fire and the husband brought suit to recover. In that case, on page 437, this court said:

"The term 'legal representative' as used in the policies means any person who, by operation of law, stands in place of and represents the insured, and includes executors, administrators, trustees, receivers, guardians, and any who stand clearly in a representative capacity."

In *Spohn v. National Fire Ins. Co.* (1926), 190 Wis. 446, 451, 209 N. W. 725, this court said:

"Under these provisions of the standard policy, the policy becomes void if any change takes place in the interest, title, or possession of the subject of the insurance, unless such change is contained in a written agreement added to the policy, there being but one exception, viz., where the insured dies and a devolution of interest thereby ensues by operation of law."

Both cases involved standard fire insurance policies, also prescribed by law, and contained the words "legal representatives" following the name of the applicant for the insurance. The *Macomber Case* was cited in the *Spohn Case* which was decided the following year and the exception was mentioned. That exception is applicable here where we have a devolution of interest by operation of law.

The term "legal representatives" has been given different meanings by the courts of other states. See 24 Words. and Phrases, p. 594 *et seq.;* 52 C. J. S., Legal, pp. 1040,

1041. From the authorities there cited it will be noted that it has been held to mean children, descendants, heirs, next of kin, devisees, and distributees.

In *Moyer v. Oshkosh* (1913), 151 Wis. 586, 592, 139 N. W. 378, this court said:

"These words [legal representatives] when used in their strictly technical sense mean executors or administrators. In the present case there is, in this strictly technical sense, but one legal representative, and yet the claim is for damages suffered by the 'legal representatives.'

"The books are full of cases where these words have been given other and broader meanings. The rule seems to be that they will ordinarily be given their accurate primary meaning where nothing appears to indicate a different intention; but that this rule will readily yield, and where it appears from a survey of the context, the subject matter, and the purpose of the writing that the words were used as indicating heirs, next of kin, descendants, widow, and sometimes even assignees, grantees, or successors in interest, the intention will be carried into effect and the words given the meaning so intended."

See also *Bradley v. Dells Lumber Co.* (1900), 105 Wis. 245, 81 N. W. 394.

Thus, our court in prior decisions has recognized that the words "legal representatives" may, where appropriate, be given a construction that will embrace heirs, devisees, and legatees. In our opinion, when the words appear in fire insurance policies whose forms are prescribed by statute, they do include heirs, devisees, and legatees. This must have been the legislative intent, as we cannot believe that it would favor forfeiture through inadvertence.

Our determination on this issue makes it unnecessary to consider the question of estoppel.

*By the Court.*—Judgment affirmed.