ESTATE OF TODD: TODD (Dorothy) and another, Appellants, v. TODD (Annie) and another, Respondents.*

*April 30—June 5, 1962.*

---

\* Motion for rehearing denied, with $25 costs, on October 2, 1962, WILKIE, J., taking no part.

636

For the appellants there was a brief by *Wiley & Devine* of Chippewa Falls, and oral argument by *Thomas W. Devine*.

For the respondents there was a brief by *Ingolf E. Rasmus* of Chippewa Falls, for Annie and Leo Todd; by *Frank E. Huettner* of Cadott, guardian *ad litem* for Mary and Frank Lee Todd, attorneys, and by *James B. Halferty* of Chippewa Falls of counsel, and oral argument by *Mr. Halferty*.

PER CURIAM. The question presented on this appeal is whether the trial court, after having made a finding that appellants' counsel "had reasonable grounds" to believe he had a stipulation on the subject, abused its discretion in denying a motion under sec. 269.45 (2), Stats., for an enlargement of time to serve a proposed bill of exceptions. The justices are equally divided on this question and, accordingly, the order of the trial court is affirmed without further opinion. *Brown Deer v. Milwaukee,* ante, p. 206, 217, 114 N. W. (2d) 493; *Hagenah v. Milwaukee E. R. & L. Co.* (1908), 136 Wis. 300, 116 N. W. 843; *Jacobs v. Queen Ins. Co.* (1905), 123 Wis. 608, 612, 101 N. W. 1090.

Order affirmed.

The following opinion was filed October 2, 1962:

PER CURIAM (*on motion for rehearing*).  On this motion counsel for appellants contends that the matter should be reheard partly for the reason that a new and additional justice has come on the bench since the original decision *per curiam* by an evenly divided court affirming the lower court's order.

It should be stated for the guidance of counsel that it is an unwritten rule in this court that where a justice has not been on the court and for that reason could not and has not participated in the original determination by this court, such justice will not participate in deciding a later motion for rehearing on that same cause.  There is nothing in the statutes or in the previous decisions of this court to take away his power to sit on such a motion, since such is a new matter independent of the original decision, but because it is deemed better policy to refrain from participating in ruling on the motion when he was not part of the original decision, this unwritten rule has been adopted and followed here.

On the merits we see no reason to change our original mandate or opinion.

The motion for rehearing is denied, with $25 costs.