QUINN and another, Respondents, v. NEW YORK FIRE INSURANCE COMPANY, Appellant.

*January 9—February 7, 1964.*

496

497

For the appellant there was a brief by *Everson, Whitney, O'Melia & Everson* of Green Bay, and oral argument by *John C. Whitney*.

For the respondents there was a brief by *Bittner, Petitjean & Greenwood* of Green Bay, and oral argument by *Robert L. Bittner*.

BEILFUSS, J. The issues raised on this appeal are:

(1) Does submission to appraisal in accordance with the terms of an insurance policy investigation of the loss and attempts to negotiate a settlement estop the insurer from thereafter raising policy provision defenses to its liability under the policy?

(2) Is an award of appraisers which does not comply with the form required by the provisions of an insurance policy an invalid award?

The trial court held that the insurer by inspecting the damage, negotiating for settlement, making an offer of settlement, and submitting to appraisal under the policy without objection estopped itself from asserting policy provision defenses to liability on the policy. With the exception to be noted, the trial court was correct in so holding, even though the policy provided that no policy requirements are waived by submission to appraisal.

"If the assurer in any case is guilty of such conduct as to render some mere matter of detail in the establishment of a claim for loss under a policy useless, and to lead the assured to assume, reasonably, that compliance with the provision of the policy in that regard will not be insisted upon, it does not, strictly speaking, work a waiver of such provision, but it estops the company from insisting thereon." *Matthews v. Capital Fire Ins. Co.* (1902), 115 Wis. 272, 275, 91 N. W. 675.

The defendant is, therefore, estopped from asserting the policy provisions as to inventory, separation of damaged and undamaged property, and proof of loss as being matters of detail in establishing the claim.

From the record we cannot conclude as a matter of law that the defendant is estopped from asserting the provision that the plaintiffs failed to take all reasonable means to protect the damaged property from further damage. The

defendant has raised this issue by affirmative allegation and has the burden of establishing it. It is not properly raised by a plea in abatement, but is at issue by virtue of the answer.

The defendant contends that the award is invalid and not conclusive in that it did not state the actual cash value. In support of this contention counsel, in his brief, cites several decisions of other states and textbook references.

The appraisal provision, which constitutes the agreement of the parties, provides: "An award in writing, . . . shall determine the amount of the actual cash value and loss."

The actual cash value has added significance because of the standard fire policy provision appearing in the insuring agreement of this policy limiting the liability of the insurer "to the extent of the actual cash value of the property at the time of the loss."

The award in writing of April 5, 1962, makes no reference to actual cash value; it sets forth only the loss.

An amended award by the same appraiser and umpire, dated October 5, 1962, and filed with the court October 9, 1962, does separately set forth actual cash value and loss as to each item listed therein. The trial judge's written memorandum decision of November 2, 1962, makes no mention of the amended award. While the record is not clear as to when the motion for summary judgment was heard by the trial judge, we assume it was prior to the date of the filing of the amended award. In any event, the amended award cannot be considered here. The plaintiffs' motion for summary judgment was based upon their complaint and affidavits which make no reference to the amended award.

The appraisal agreement of the policy specifically directs that actual cash value shall be set out in the award. Actual cash value at the time of the loss limits the liability of the insurer in cases of partial destruction. A separate finding as to actual cash value is, therefore, necessary for a valid award.

The trial court in its consideration of the validity of the award stated as follows:

"The other defense, that the award is invalid on its face, presents an interesting point. In the case of *Jacobs v. Queen Ins. Co. of America,* 123 Wis. 608, the Supreme Court had before it the question of the validity of an award. In sustaining the award, the court said:

" 'It seems to have been established beyond reasonable controversy that the building was not totally destroyed and therefore under the terms of the policy the damages to the structure were a proper subject for adjustment by arbitration, and were so adjusted. That being the case, no question in regard to the matter was open for consideration upon the trial in the absence of evidence warranting a finding that the arbitrators acted fraudulently or outside their jurisdiction.'

"In the case of *Travelers Insurance Co. v. Pierce Engine Co.* 141 Wis. 103, the court stated as follows:

" 'Where by an arbitration agreement the parties submit to an auditor the question of the amount due to one of them, involving matters of fact and of law, the jurisdiction of such arbitrator is as broad as that of a court, and his honest conclusion, even though erroneous, within that jurisdiction is as binding upon the parties.'

"In the case of *Dechant v. Globe & Rutgers Fire Ins. Co.* 194 Wis. 579, an action founded on an insurance loss, the policy provided that if the parties differed as to the extent of the loss, it should be determined by appraisal. The loss was fixed by one of the appraisers and an umpire at $350.00. The jury returned a verdict of $750.00, and the trial judge set aside the verdict and inserted the sum of $350.00, the amount set by the appraisers. The Supreme Court held that in the absence of the slightest evidence of fraud or a want of good faith on the part of the appraisers, the award was conclusive and the $350.00 amount was affirmed."

The cases cited by the trial court do set forth general rules as to the dignity and conclusiveness to be accorded awards. They are to be distinguished from the facts in this case in that here the appraisal agreement specifically called for a very material finding of fact that could determine the ulti-

mate extent of liability. The award, on its face, does not comply with the requirements of the policy. The appraisal award, is, in this instance, of no effect.

The pleadings and affidavits of the defendant set forth two issues of fact which have not been determined, (1) plaintiffs' care of the property after the fire, and (2) actual cash value at the time of the loss. Under the pleadings herein the plaintiffs should proceed to trial to prove their damages.

The judgment of the trial court for the plaintiffs must, therefore, be reversed and the case remanded for trial.

*By the Court.*—Judgment reversed, and cause remanded for further proceedings not inconsistent with this opinion.