WILLIAM DUPREAU v. THE HIBERNIA INSURANCE COMPANY.

*Fire insurance—Equitable title of insured.*

76　615
98　538
76　615
101　361
76　615
f148　1434
76　615
j153　437

1. The omission of the owner of the *equitable* title to state the *nature* thereof will not avoid a policy of insurance, under a condition forfeiting the insurance if the interest of the insured is other than the *entire*, unconditional, and sole ownership, if the fact is not so represented to the company. *Farmers', etc., Ins. Co. v. Fogelman,* 35 Mich. 481; *Guest v. New Hampshire Fire Ins. Co.,* 66 Id. 98.

2. A vendee *legally* in possession under a part-paid land contract, who is legally obligated to pay the balance of the purchase price, and to keep the buildings on the land insured in favor of the vendor, may be said to be the entire, unconditional, and sole owner, within the meaning of a policy providing for such ownership as a condition to the validity of the policy.

Error to Saginaw. (Gage, J.) Argued June 25, 1889. Decided October 18, 1889.

*Assumpsit* on an insurance policy. Defendant brings error. Affirmed. The facts, and points of counsel *passed* upon by the Court, are stated in the opinion.

*Wilber & Brucker,* for appellant.

*Durand & Brewer,* for plaintiff.

LONG, J. Defendant issued its policy of insurance to plaintiff on May 15, 1888, for the sum of $500,—$400 upon his dwelling-house, and $100 on his barn.

The application was verbal, and was made to Schœneberg & Knight, at East Saginaw, this State, who were the local agents of the defendant company there. They were required to make their reports and remittances to John Naghten &

Co., general agents of the western department at Chicago, Illinois.

The policy was issued and delivered to the plaintiff on the above date, and a premium of $7.50 duly paid, the policy to continue in force for three years from May 15, 1888.

July 16, 1888, the property was totally destroyed by fire. Notice was duly given of the fire and loss, and on the twenty-seventh day of July, 1888, the defendant company, by its general agent, refused payment by reason of the fact, then claimed by it, that the plaintiff was not the owner of the property at the time of taking the insurance.

The cause was tried in the Saginaw circuit court, before a jury, where the plaintiff had verdict and judgment for the amount of the policy and interest. Defendant brings error.

The policy contained, among other conditions, the following:

" This entire policy, unless otherwise provided by agreement indorsed hereon, or added hereto, shall be void, if the interest of the insured be other than unconditional and sole ownership, or if the subject of insurance be a building on ground not owned by the insured in fee-simple, or if the subject of insurance be personal property, and be or become incumbered by chattel mortgage."

It appears that the plaintiff held the premises upon which the buildings were situate, and the buildings, under a land contract of purchase, dated May 15, 1888. This contract specifically describes the property, and provides for the annual payments of $100 until the whole amount of the purchase money ($500) is paid; $100 being paid down at the time of the purchase. The plaintiff went into the actual possession of the premises immediately upon the execution of this contract. Upon the payment of $100 additional, the contract provided for the execution and delivery of a deed of the premises to the plaintiff. The contract itself provided for the taking of possession of the premises by the plaintiff.

On the trial in the court below the court charged the jury

that the clause in the policy relative to the title would not violate the policy, as it appeared that the plaintiff was the equitable owner in fee of the premises. The court thereupon directed a verdict in favor of the plaintiff.

It does not appear that any representations as to title and ownership were made by the plaintiff at the time of taking the policy, but counsel for the defendant contend that, by the terms of the policy itself upon which the action is brought, the plaintiff cannot recover, as he has no such title in fee as contemplated by the contract. The land contract, under which the plaintiff held, provided that he should keep the buildings thereon insured against loss and damage by fire by insurers, and in amount approved by the first party, and should assign the policy and the certificates thereof to the first party.

The omission of the owner of the equitable title to state the nature thereof will not render the policy of insurance invalid, under a condition therein forfeiting the insurance in case the interest is other than the entire, unconditional, and sole ownership, if the fact is not so represented to the company. *Farmers', etc., Ins. Co. v. Fogelman,* 35 Mich. 481.

It is insisted, however, that by the terms of the policy the title must be a legal estate in fee-simple, and that an equitable estate in fee would not satisfy its terms; and that therefore the court was in error in directing the verdict in favor of the plaintiff.

We are satisfied that the court was not in error. The plaintiff had paid quite a sum of money on the purchase price, and entered into an undertaking to pay the balance, and was to have immediate possession of the premises under the terms of the contract, and was to keep the buildings thereon insured. He was in actual possession at the time of taking the policy, and equitably the owner in fee, and we think he may be said at that time to have been the entire,

unconditional, and sole owner, within the meaning of the terms of the policy.

We think this doctrine is fully supported by numerous decisions. If loss occurred, it would fall upon the insured. He was in possession, having paid part of the purchase price, and under a valid agreement for the payment of the balance, and, by the very terms of his contract, the very party who had the insurable interest in it. In the case of *Imperial Fire Ins. Co. v. Dunham*, 117 Penn. St. 462, 475 (12 Atl. Rep. 668, 674), the language of the policy was:

"This policy shall be void and of no effect if, without notice to this company, and permission therefor in writing indorsed hereon, the assured shall now have, or hereafter make or procure, any other insurance, whether valid or not, on the property hereby insured, or any part thereof, or if this policy be assigned before a loss, or if the interest of the assured be other than the entire, unconditional, and sole ownership, or if the property insured be a building standing on ground not owned by the assured in fee-simple."

The court, in passing upon this provision of the policy, said:

"He was the equitable owner in fee, and, in respect to the insurance, we think he may be said to have been the entire, unconditional, and sole owner. This provision of the policy does not necessarily distinguish between the legal and the equitable estate."

This seems to be the settled doctrine in most, if not all, of the states.

We find no error in the record. The judgment of the court below must be affirmed, with costs.

The other Justices concurred.