## Richmond.

### MOROTOCK INSURANCE COMPANY v. RODEFER BROS.

#### APRIL 2, 1896.

1. FIRE INSURANCE—*Application—Interest of Insured—Encumbrances.*—If an insurance company elects to issue its policy of insurance against a loss by fire without any application, or without any representation in regard to the title to the property to be insured, it cannot complain, after a loss has ensued, that the interest of the insured was not correctly stated in the policy, or that an existing encumbrance was not disclosed.

2. FIRE INSURANCE—*Policy—Unconditional and Sole Ownership—Mortgage—* A condition in a fire insurance policy which avoids it if the interest of the insured in the property be other than "unconditional and sole ownership," is not broken by the existence of a mortgage on the property at the date of the policy. The condition does not refer to the legal title, but to the interest of the insured, and is not a warranty against encumbrances.

3. FIRE INSURANCE—*Policy—Chattel Mortgage—Fixtures.*—Whether the machinery and apparatus used in operating a manufactory are fixtures or not must be determined by the evidence in the particular case, and, in the absence of all evidence on the subject except the language of a mortgage on the land and buildings and on all engines, machines, tools, appliances, connections, attachments, and contrivances of every kind used in operating the manufactory, the court will not presume that said engines, machinery, &c., are not fixtures in order to defeat a recovery on an insurance policy which contained a clause which avoided the policy if there is a chattel mortgage on the personal property insured. The existence of such chattel mortgage is a matter of defence, which it is incumbent on the company to prove.

4. FIRE INSURANCE—*Policy—Change in Interest, Title, or Possession—Existing Mortgage.*—The existence of a mortgage on property at the date of insurance does not violate the condition of a fire insurance policy which provides against "any change in the interest, title, or possession of the subject of insurance." This provision relates to future changes, and not to any encumbrance subsisting at the date of the policy.

| | |
|---|---|
| 92 | 747 |
| 94 | 358 |
| 94 | 447 |
| 92 | 747 |
| f101 | 616 |
| 92 | 747 |
| 102 | 433 |
| 92 | 747 |
| 106 | 635 |
| 106 | 637 |
| d106 | 640 |
| 92 | 747 |
| 107 | 704 |
| 92 | 747 |
| e109 | 387 |
| 109 | 388 |
| 109 | 390 |

Error to a judgment of the Corporation Court of the city of Danville, rendered May 2, 1893, in an action of *assumpsit*, wherein the defendants in error were the plaintiffs, and the plaintiff in error was the defendant.

*Affirmed.*

This was an action of *assumpsit* on a policy of insurance against fire on certain buildings used as a glass manufactory, and on sundry articles of personal property contained in said buildings, some of which were used in connection with said manufactory for the purpose of making glass. The policy is dated on the —— day of August, 1891, and provides that it " shall not be valid until countersigned by duly authorized agent of the company at Danville, Va."; and was countersigned by the agent at Danville, Va., October 31, 1891. The portions of the policy which gave rise to the litigation are quoted in the opinion of the court.

There was a mortgage on the real estate and certain property of the defendants in error, claimed by the plaintiff in error to be personal property. This mortgage bears date October 3, 1891, and was recorded October 7, 1891. The property so claimed to be personal embraced in the mortgage is described as " all engines, machines, tools, appliances, connections, attachments, and contrivances of every kind now used in operating the glass factory on said premises."

The property insured was destroyed by fire February 6, 1892. The only evidence as to the character of the property covered by the mortgage, outside of the language of the mortgage itself, was the deposition of one of the plaintiffs, who testified " that the property therein [the mortgage] was wholly real property, and so considered by them [the plaintiffs]; that none of the product of their plant, or personal effects embraced therein, was mortgaged, or in any wise encumbered."

The defendant demurred to the evidence, but the court overruled the demurrer and gave judgment for the plaintiffs, whereupon the defendant excepted.

*Green & Miller*, for the plaintiff in error.

*Berkley & Harrison*, for the defendants in error.

Riely, J., delivered the opinion of court.

The policy sued on in this case was issued October 31, 1891, and contains, among other provisions, the following:

" This entire policy shall be void, if the assured has concealed or misrepresented, in writing or otherwise, any material fact or circumstance concerning this insurance or the subject thereof; or if the interest of the insured in the property be not truly stated herein; * * * or if the interest of the insured be other than unconditional and sole ownership; or if the subject of insurance be a building on ground not owned by the insured in fee simple; or if the subject of insurance be personal property and be or become encumbered by a chattel mortgage; * * * or if any change, other than by death of an insured, take place in the interest, title, or possession of the subject of insurance * * *, whether by legal process or judgment, or voluntary act of insured, or otherwise."

The subject of the insurance was the glass works of the insured, with all the apparatus for manufacturing glass, the machinery, fixtures, stock, and personal property. Prior ·to the issue of the policy, on October 3, 1891, the insured had executed a mortgage upon their glass plant, embracing three parcels of land, and including also " all engines, machinery, tools, appliances, connections, attachments, and contrivances of every kind now used in operating the glass factory on said premises. * * * "

The insurance was effected through an insurance broker, and the policy was issued without the usual printed or written application by or in behalf of the insured. No representation whatever was made by them, nor was any statement made by or required of them as to their title or interest in the property, or as to the existence of any encumbrance thereon. There is no evidence of a fraudulent concealment of any matter, and it is not pretended that there was any.

The first contention on the part of the plaintiff in error is that it was the duty of the insured voluntarily to disclose to the company the existence of the mortgage, and that failure to do so rendered the policy void.

Applicants for insurance are not generally aware of the necessity of disclosures which long experience in the business of insurance has shown to underwriters to be necessary, or what disclosures it is important to make; while insurance companies can not only protect themselves by making inquiries in regard to such things as they may regard to be material, but, as is well known, are in the habit of doing so. And such was the custom of this company. It was admitted on the trial, by its general agent, that the company had blank forms of application for insurance, which contained this question concerning the property to be insured : "If encumbered, to what amount"; but that such application was not sent in this instance to the insured, or to the broker through whom the insurance was effected, to obtain an answer to the foregoing or any other question. There is nothing in the policy which required a disclosure by the insured of the liens on the property, except the disclosure of any chattel mortgage, where personal property was the subject of insurance; and, if the company neglected to make the proper inquiry, it cannot now be permitted, after a loss has happened, to defeat a recovery because the insured did not voluntarily disclose the existence of the said mortgage. If an insurance company elects to

issue its policy without an application or any representation in regard to the title to the property upon which the insurance is effected, the company cannot complain, after a loss has ensued, that the interest of the insured was not correctly stated in the policy, or that an existing encumbrance was not disclosed. *West R. Mu. I. Co.* v. *Sheets & Co.*, 26 Gratt. 854, 869–70; *Manhattan F. I. Co.* v. *Weill & Ullman*, 28 Gratt. 389; Wood on Fire Insurance, section 233; and Gilmore's Notes on Smith's Mer. Law 293.

The conditions of the policy in the case of *Manhattan Fire Ins. Co.* v. *Weill & Ullman*, *supra*, were almost identical with the provisions of the policy in the case at bar. Although it was provided in the policy in that case that " any omission to make known every fact material to the risk,   *   *   *   or if the interest of the assured in the property   *   *   *   be not truly stated in the policy," it should be void, the court held, in the case above cited, that the omission to disclose, in the absence of any inquiry, an encumbrance in the form of a deed of trust subsisting on the property at the time the insurance was effected, did not vitiate the policy.

It was next claimed that the existence of the mortgage violated the condition of the policy, that the interest of the insured in the property shall be " unconditional and sole ownership." This condition did not have reference to the *legal title*, but to the *interest* of the insured in the property, and was not a warranty against liens and encumbrances. The interest of the insured in the property was and continued to be *unconditional and sole ownership*, notwithstanding the mortgage they had given upon it. The above condition was identical with that contained in the policy sued on in *Manhattan Fire Ins. Co.* v. *Weill & Ullman*, *supra*, and it was there held, as already stated above, that the existence of a deed of trust on the property did not violate the above condition or avoid the policy. And the like decision was made

in *Wooddy* v. *Old Dominion Ins. Co.*, 31 Gratt. 362, where the policy of insurance contained a provision similar to that in the policy under consideration.    See also *Clay F. & M. I. Co.* v. *Beck & Bolte*, 43 Md. 358; *Carson* v. *Jersey City F. I. Co..* 39 Amer. R. 584; and *Quarrier* v. *Ins. Co.*, 10 West Va. 507.

It was also contended that the existence of the mortgage violated the further condition of the policy that, " if the subject of insurance be personal property," the policy shall be void, if the property " be or become encumbered by a chattel mortgage "; and in support of this contention it was claimed that the " engines, machines, tools, appliances, connections, attachments, and contrivances of every kind now used in operating the glass factory on said premises," which were conveyed in the mortgage, were personal property.

The record contains no evidence in regard to this property beyond what the mortgage itself discloses ; and whether it was personalty, or what the law denominates " fixtures," and was therefore a part of the realty, and passed with it, depends not less upon its relation to the realty, and the use to which it was put than upon its nature.

In this age of marvelous development of industries and multiplication of manufactures, it is a matter of common knowledge that it is the machinery and apparatus necessary for the production of the particular manufacture which form the principal part of the manufactory, and that the building in which they are placed and to which they are affixed serves but to enclose and protect them.    *They* mainly constitute the manufactory, while the building is generally only the incident.

It was said by Judge Christian, speaking for the court in *Green* v. *Phillips et als.*, 26 Gratt. 752, 762, that the true rule for determining when the machinery and apparatus of a manufactory are fixtures is : " That where the machinery is

permanent in its character, and essential to the purposes for which the building is occupied, it must be regarded as realty, and passes with the building; and that whatever is essential to the purpose for which the building is used will be considered as *fixtures*, although the connection between them is such that it may be severed without physical or lasting injury." And this rule was approved and followed in *Shelton* v. *Ficklin, Trustee*, 32 Gratt. 727.

Consequently the court cannot know merely from such general descriptive terms as " all engines, machines, tools, appliances, connections, attachments, and contrivances of every kind," when used in connection with a manufactory, whether they constitute in any particular case, like the one under consideration, what the law denominates *fixtures*, or retain their character as personalty. This can only be established by evidence. The existence of the mortgage was matter of defence, and it was incumbent on the company to show, by other evidence than the indefinite description contained in the mortgage, that the machinery, &c., therein mentioned had not, by its use and connection with the manufactory, lost its character as personalty. This no effort was made to do. The company ought not to be allowed to defeat a recovery, in the absence of any fraud, unless it satisfactorily showed that the condition that its policy should be void " if the subject of the insurance be personal property, and be or become encumbered by a chattel mortgage," had been in reality violated.

The subject of the mortgage referred to was the National Glass Works of the insured, which included the buildings and the ground on which they were erected, and which was necessary to their use and operation. It also included all the machinery and apparatus which was of a permanent character and essential to the purposes of the business. The mortgage describes the machinery and apparatus embraced therein as that " used in operating the glass factory on the premises "

which were conveyed; and the insured testified on the trial that the said machinery and apparatus were considered by them as a part of the realty, and so conveyed.

In the entire absence of any evidence, except the mere descriptive terms of the mortgage, showing that the machinery and apparatus embraced in it retained their character as personalty, and did not become fixtures in the eyes of the law, the defence that there was a chattel mortgage upon the personal property must fail.

The claim was also made that the existence of the mortgage violated the further condition of the policy which provided against " any change in the interest, title, or possession of the subject of insurance, whether by legal process or judgment, or voluntary act of insured, or otherwise." It is plain that this provision had reference to a subsequent change in the interest, title, or possession of the property after the issue of the policy, and was not intended to provide against an encumbrance subsisting on the property at the time the insurance was effected. It is substantially the same condition that was contained in the policy sued on in the case of *Manhattan Fire Ins. Co.* v. *Weill & Ullman, supra,* where it was held that a deed of trust upon the property at the time the policy was issued did not relieve the company from liability for the loss; and, although this particular question is not discussed in the opinion, it cannot be supposed for that reason it was not duly considered by the court.

The case of *Watertown Fire Ins. Co.* v. *Cherry,* 84 Va. 72, was much relied on by counsel for the plaintiff in error, but that case was wholly unlike this in the most essential particulars. The conditions of the policy in each case were much alike, but the alleged grounds of violation were very different. In that case the policy contained the following conditions, for the violation of which it was declared that it should become void, unless the consent thereto in writing of

the company be endorsed on the policy: "If any building intended to be insured stand on ground not owned in fee simple by the assured; if the insured property should be encumbered and the encumbrance be not disclosed in the application or written in the policy; if the policy be assigned or transferred before a loss; or if any building therein insured should become vacant or unoccupied," &c.   The evidence on the trial showed that all these conditions had been violated. It was proved that the buildings which were insured stood not on ground owned in fee simple by the assured, but on lease-hold property, for which she paid an annual rent to her land-lord; that there was a deed of trust on the property; that she had assigned the policy as collateral security to a trustee to secure a note; and that she had vacated the dwelling and premises and suffered them to become unoccupied.   This case can in no wise serve as a precedent for the determination of the case at bar.

There is no error in the judgment of the Corporation Court, and the same must be affirmed.

*Affirmed.*