# CHARLESTON.

WOLPERT v. NORTHERN ASSUR. CO.

Submitted February 12, 1898—Decided April 9, 1898.

1. INSURANCE—*Previous Insurance—Void Policy.*

Where a party applying for a policy of insurance fails to in form the insurance agent to whom his application is made that he already has taken out insurance on the property, if such insurance already taken out is void, this fact will not operate to release said second policy. (p. 738).

2. INSURANCE—*Application—Interest of Insured—Policy.*

If an insurance company elects to issue its policy of insurance against a loss by fire without any regular application, or without any representation in regard to the title to the property to be insured, it cannot complain, after a loss has occurred, that the interest of the insured was not correctly stated in the policy, or that an existing incumbrance was not disclosed. (p. 739).

3. INSURANCE—*Deed of Trust—Sole Ownership.*

The fact that at the time a policy of insurance is obtained upon a stock of goods the insured has already executed a deed of trust on said property is not inconsistent with sole ownership of said property, nor does it make the *cestui que* trust a joint owner. (p. 739).

Error to Circuit Court Jefferson County.

Action by B. A. Wolpert against the Northern Assurance Company in *assumpsit* on a policy of insurance. From a judgment for plaintiff, defendant brings error.

*Affirmed.*

T. C. GREEN, for plaintiff in error.

GEO. BAILOR and McDONALD & BECKWITH, for defendant in error.

ENGLISH, JUDGE:

This was an action of trespass on the case in *assumpsit* brought by B. A. Wolpert against the Northern Assurance Company of London, a corporation, to recover the sum of five hundred dollars on a policy of insurance dated the 2d day of January, 1892, with legal interest thereon from the 17th of February, 1892, for loss in respect to the property insured by said policy caused by fire about the 17th of February, 1892, at Charlestown, Jefferson county, W. Va. The defendant for plea said it was not liable to the plaintiff as in said declaration was alleged, and also filed statements under the statute specifying certain clauses and conditions of the policy which the plaintiff had failed to comply with, and by reason of which failure was not entitled to recover. The plaintiff replied generally to defendant's plea, and specially as to said statement. The defendant filed a second plea and statement, which was demurred to, and the demurrer overruled. The plaintiff replied specially, and issue was joined thereon. The cause was submitted to a jury, and resulted in a verdict for the plaintiff for six hundred and fifty-two dollars and fifty cents; and thereupon the defendant moved the court in arrest of judgment and for a new trial, which motions were overruled. The defendant excepted, and judgment was rendered upon the verdict, and the defendant applied for and obtained this writ of error.

During the trial the defendant asked the court to instruct the jury as follows:

"Instruction No. 1. The court instructs the jury that if they believe from the evidence that the property covered by the policy sued on issued by the defendant was personal property, and that at the time said policy was issued said property was incumbered by a chattel mortgage or deed of trust without the knowledge or consent of the defendant or its agent indorsed on said policy or added thereto, then they must find for the defendant."

"Instruction No. 5. The court instructs the jury that if they believe from the evidence that the plaintiff, B. A. Wolpert, at the time he applied to the agent of the defendant for insurance on his property, had other insurance

thereon, to wit, $800 in the Franklin Insurance Co. of Wheeling, by policy dated April 20, 1891, and $700 in the Manchester Fire Assurance Co. of Manchester, England, policy issued on the 20th day of August, 1891, and that said policy of insurance in the Manchester Assurance Co. for $700 existed without knowledge or consent on the part of defendant or its agent, and was not provided for by an agreement indorsed on or added to said policy of insurance, then they must find for the defendant, whether said policy in the Manchester Assurance Company was valid or not.

"Instruction No. 6. The court instructs the jury if they believe from the evidence that, at the time the policy sued on was issued upon the personal property of the plaintiff, there existed upon it, without the knowledge or consent of the defendant or its agent, a deed of trust, then the interest of the insured was not that of unconditional and sole ownership, and the plaintiff cannot recover in this case."

To the granting of these instructions the plaintiff objected, the court sustained the objections, and the defendant excepted.

At the instance of the plaintiff the court gave the jury the following instructions:

"Instruction No. 1. If the jury believe from the evidence that the policy issued to the plaintiff by the Manchester Co. was a void policy, or one upon which there could be no recovery, then the failure of the plaintiff to inform the defendant of the issuing of the policy sued upon or the taking out of said policy in the Manchester Co. cannot affect the plaintiff's right to recover in this case.

"Instruction No. 2. If the jury believe from the evidence that, at the time the plaintiff applied for insurance upon the stock of goods, he informed the agent of the defendant company that he had taken out previous insurance in the Franklin and Manchester Ins. Cos., then the failure of the agent of the defendant to indorse this fact upon the policy cannot avoid the policy sued on."

To the granting of these instructions the defendant objected, which objection was overruled, and the defendant excepted.

The action of the court in refusing the instructions asked for by the defendant, and in giving the above instructions prayed for by the plaintiff, and in refusing to set aside the verdict and grant a new trial, and in entering judgment in favor of the plaintiff, is assigned as error. The defendant in the additional statement filed with its plea claimed that the plaintiff could not maintain its action by reason of its failure to perform and comply with, and the violations of, certain clauses, conditions, and warranties in the policy sued on, and specified the following failures to have occurred, to wit:   Concealing or misrepresenting, in writing or otherwise, any material fact or circumstance concerning the insurance or the subject thereof; not truly stating the interest of the insured in the property on which the policy was taken; that the entire policy, unless otherwise provided by agreement indorsed thereon or added thereto. should be void, if the insured then had or should thereafter make any other contract of insurance, whether valid or not, on property covered, in whole or in part, by this policy, or if the interest of the insured be other than unconditional, or if the subject of the insurance be personal property, and become incumbered by chattel mortgage, and other conditions which are not regarded as material in this case.

Did the circuit court err in rejecting instructions Nos. 1, 5, and 6, asked for by defendant?

As to No. 1, the court was thereby asked to tell the jury that although the defendant or its agent had notice or consented to the incumbrance, unless this knowledge or consent was indorsed on said policy, or added thereto, then they must find for the defendant.   This instruction would not be warranted under the ruling of this Court in the case of *Woolpert* v. *Insurance Co.*, 42 W. Va. 647, (26 S. E. 521), it being there held that the agent authorized to solicit business for his company might waive forfeiture and conditions in the policy, and consent to prior or subsequent insurance on the property, although the policy issued by him contains a provision that such prior or subsequent insurance taken on the property would render the policy then issued void.   See, also *Deitz* v. *Insurance Co.*, 31 W. Va. 852, (8 S. E. 616); *Schwarzbach* v. *Protective Union*, 25 W. Va. 624 thirteenth point of syllabus.

As to instruction No. 5, which was asked by defendant, the court committed no error in rejecting it. By this instruction the court was asked to tell the jury that, if other insurance existed upon the property without knowledge or consent on the part of defendant or its agent at the time the policy was applied for, which was not provided for by an agreement indorsed on or added to said policy, then they must find for defendant, whether said policies were valid or not. It will be perceived, by reference to instruction 5, which is inserted above, that want of notice is confined to the policy issued in plaintiff's favor by the Manchester Assurance Company for seven hundred dollars, and it is agreed upon the record that said policy was invalid, and could not be enforced. Such being the case, why the necessity of an agreement indorsed on the policy to prevent its forfeiture? In *Gee* v. *Insurance Co.*, 55 N. H. 65, the court said: "Obtaining a nugatory policy in some other company has been held over and over not to constitute any contract at all. It confers no right on the one hand, nor imposes no obligations on the other. It is not a contract; it is a mere nullity." So, also, the case of *Sutherland* v. *Insurance Co.*, 31 Grat. 176 held that it is a general principle of law that, in order to avoid a policy on account of subsequent insurance against an express condition therein, it must appear that such subsequent insurance is valid and can be enforced; if it cannot be enforced, it is no breach of the condition of the prior policy. See, also, *Woolpert* v. *Insurance Co.*, 42 W. Va. 647, (26 S. E. 521). We have held in that case that a subsequent void policy, taken out by the insured, is no breach of the condition of the prior policy, and we cannot think that a prior policy, which is invalid and a mere nullity, can constitute a breach of the condition of a subsequent policy, which makes it inoperative in case of the existence of a prior policy at the time it issued. In order to have that effect, it must be a valid policy, for the reason that an invalid policy is no policy at all. On this point Wood on Fire Insurance (page 596, § 351 says: "The insurer takes the burden of establishing the fact that the same property covered by its policy is covered by the policy claimed to operate as a breach, and it is a question of fact for the jury to find, and not a

question for the court, and the jury must find, not only that the policies cover the same property, but it must also appear that the other policy is valid." *Jackson* v. *Insurance Co.*, 23 Pick. 423. I therefore conclude that the court committed no error in refusing instruction No. 5 asked for by defendant.

Did the court rule properly in refusing instruction No. 6 asked for by defendant, which relates to the alleged deed of trust on the property at the time the policy sued on was issued?   The question raised by this instruction was settled adversely to the defendant in the case of *Insurance Co.* v. *Weill*, 28 Grat. 389. where the party whose property was insured had given a deed of trust on the same, and one condition of the policy was: "If the interest of the assured in the property be any other than the entire unconditional and sole ownership of the property, for the use and benefit of the assured, it must be represented to the company, and so expressed in the written part of his policy; otherwise the policy shall be void." Held, this was no warranty against liens and incumbrances; the assured's interest was the sole ownership; the fact that he had given a deed of trust to secure a debt upon the property does not make the *cestui que* trust a joint owner.   Again, in *Insurance Co.* v. *Rodefer*, 92 Va. 747, (24 S. E. 393), it was held, if an insurance company elects to issue its policy of insurance against a loss by fire without any application or without any representation in regard to the title to the property to be insured, it cannot complain, after a loss has ensued, that the interest of the insured was not correctly stated in the policy, or that an existing incumbrance was not disclosed.   See, also, point 2, syllabus in that case.

The remaining assignment of error complains of the action of the court in overruling the motion to set aside the verdict, and grant the defendant a new trial, and in entering judgment for the plaintiff.   Now, it appears that in this case no regular application for the policy was made, in which questions are usually propounded as to existing insurance or incumbrance upon the property and the character of the title held by the applicants to the property on which he wishes to obtain the policy, and, as we have seen in the case of *Insurance Co.* v. *Rodefer*, *supra*, such

company cannot after a loss occurs complain that an existing incumbrance was not disclosed. It appears that the plaintiff in this case is illiterate, cannot read a word of English, and had to rely on the insurance agents in taking out the policy. No questions appear to have been asked him in regard to the deed of trust, and it does not appear that the conditions of the policy were read or made known to him, and no conceal-ment appears to have been made by the plaintiff. It was simply an omission by the agent to inquire in reference to liens on the property which was not the fault of the plain-tiff, and, looking at the entire case as presented by the record, I do not think the court erred in refusing to set aside the verdict, and award a new trial, and in entering judgment. The judgment complained of is therefore affirmed, with costs and damages.

*Affirmed.*