# CHARLESTON.

KIMBALL ICE COMPANY *v.* SPRINGFIELD FIRE & MARINE
INSURANCE CO.

(No. 5572)

Submitted January 26, 1926.   Decided February 2, 1926.

1. FIRE INSURANCE—*Complete Equitable Title in the Insured
Will Satisfy Condition in Fire Insurance Policy Requiring
Interest of Insured in Subject of Insurance Shall be Un-
conditional and Sole Ownership.*

   Complete equitable title in the insured will satisfy the
   condition in a fire insurance policy requiring that the inter-
   est of the insured in the subject of insurance shall be un-
   conditional and sole ownership.   (p. 730.)

2. SAME—*Where Soliciting Agent Has Knowledge of Past Con-
ditions or Existing Facts Which at the Time Would Serve
to Void Policy, Company Cannot Insist Upon Such Facts
For Purpose of Avoiding Liability.*

   Where the soliciting agent has knowledge of past condi-
   tions or existing facts which at the time would serve to
   void the policy, the company issuing the policy cannot insist
   upon such facts for the purpose of avoiding its liability.
   (p. 731.)

Error to Circuit Court, McDowell County.

Action by the Kimball Ice Company against the Springfield
Fire & Marine Insurance Company.   Judgment for plain-
tiff, and defendant brings error.

*Affirmed.*

*Harman & Howard,* for plaintiff in error.

*French, Easley & Easley* and *Sanders, Crockett & Sanders,*
for defendant in error.

*Steptoe, Maxwell & Johnson* and *James M. Guiher,* Amici
*Curiae* on Application for Rehearing.

LITZ, PRESIDENT:

This is an action, by notice of motion for judgment, to re-
cover loss under a fire insurance policy issued February 12,
1924, for a term of one year, to the plaintiff Kimball Ice Com-
pany, a corporation, by the defendant Springfield Fire &

Marine Insurance Company, through its general agent, Flat Top Insurance Agency, in the sum of $2,000.00, covering on a one story frame, composition roof building situated in the town of Kimball, McDowell county, "occupied as an ice plant", and the machinery, boilers, furniture and fixtures therein contained. To the judgment upon a verdict for the plaintiff in the sum of $2,000.00 the defendant prosecutes this writ.

The policy stipulates, "Unless otherwise provided by agreement in writing added hereto this company shall not be liable for loss or damage occurring  *  *  *  if the subject of insurance be a manufacturing establishment  *  *  *  while it ceases to be operated beyond a period of ten days"; or "while a described building, whether intended for occupancy by owner or tenant, is vacant or unoccupied beyond a period of ten days." It further provides, "This entire contract shall be void unless otherwise provided by agreement in writing added hereto if the interest of the insured be other than unconditional and sole ownership".

The Flat Top Insurance Agency, a corporation, with headquarters at Bluefield in Mercer county, conducts a general insurance agency. In the name of its president and vice-president it represents, and acts as general agent for, numerous fire insurance companies, including the defendant, Springfield Fire & Marine Insurance Company.

February 12, 1924, Sol Kaufman, the general manager and a stockholder of the plaintiff corporation, applied to one R. B. Taylor, who as representative of the Flat Top Insurance Agency solicited and examined subjects of, insurance, delivered policies, and collected premiums, for insurance in the sums of $2,800.00 on the building and $8,000.00 on the machinery, boilers, supplies, furniture and fixtures therein contained. The following day the agency through its vice president issued to the plaintiff the policy sued on and four additional policies in other fire insurance companies aggregating $10,800.00, effective February 12, 1924.

The plaintiff's plant, equipped with second hand machinery, was constructed in the year 1920. It operated during the summer season in 1920, 1921 and 1922, but was never used

after October, 1922. Through inspection of the property by Taylor at the time of the application the insurance company was put on notice that the building was occupied only as an ice plant, operating during the summer season, and that the condition of the machinery was such that it could not be placed in running condition within ten days. February 13 and March 6, 1924, and monthly thereafter, the Flat Top Insurance Agency sent plaintiff invoices for the premiums on the several policies, originally totalling $812.16. The property being again inspected about the middle of March by the rate adjuster sent by it, on March 19 the agency mailed plaintiff a credit memorandum evidencing a reduction of the premiums. April 30th the premiums, which had been charged to the plaintiff by the agency, were by the latter paid to the various companies. May 13th the property was destroyed by fire. Thereafter the agency collected from the plaintiff the premiums in full.

The defendant relies upon the following as grounds of defense:

(1)   That the interest of insured was other than that of unconditional and sole ownership.

(2)   That the subject of insurance was a manufacturing establishment and ceased to be operated beyond a period of ten days.

(3)   That the building was vacant or unoccupied beyond a period of ten days.

None of the conditions involved was ever waived by agreement in writing added to the policy.

The basis of the first ground of defense is that the plaintiff did not obtain legal title to the land on which the plant was constructed until after the fire. The evidence shows, however, that it was the complete equitable owner thereof, long prior to the issuance of the policies. The purpose of the insurer in requiring information as to whether the interest of the insured be other than unconditional and sole ownership is merely to determine whether in case of destruction of the property the whole loss would fall upon the insured, or whether it would be borne by the owners of other interests. The only object of the stipulation in the policy was to protect the defendant against taking risks beyond the value of the

interest insured, so that the insured would use all reasonable precautions to avoid the destruction of the property. The courts therefore hold that complete equitable title will satisfy the condition of sole and unconditional ownership. *Matthews* v. *Insurance Co.*, 115 Wis. 272, 91 N. W. 675; *Loventhal* v. *Insurance Co.*, 112 Ala. 108, 20 Sou. 419, 33 L. R. A. 258, 57 A. S. R. 17; *DuPreau* v. *Insurance Co.*, 76 Mich. 615, 43 N. W. 585, 5 L. R. A. 671; *Ben Franklin Fire Ins. Co.* v. *Wilgus*, 88 Pa. 107; *North British & Mercantile Ins. Co.* v. *Estes*, 106 Tenn. 472, 62 S. W. 149, 52 L. R. A. 915, 82 A. S. R. 892; *Hartford Fire Insurance Co.* v. *Keating*, 86 Md. 130, 38 Atl. 29, 63 A. S. R. 499.

There is a dispute as to what was said by Kaufman to Taylor on the 12th of February, 1924, when the latter inspected the property. The plaintiff claims Taylor was advised by Kaufman that the plant would not be again operated until an electric motor for that purpose was obtained and installed, which would require considerable time. The defendant, on the other hand, contends that Kaufman made the statement, if at all, subsequent to issuance and delivery of the policy. Taylor says Kaufman told him on the date in question, "He was going to overhaul the plant and get it in shape to operate and would have a man come down from Bluefield in a few days" to do the work. "He said he would have a man come down from Bluefield and go over the machinery in order to operate it. And this is all I can remember." It is immaterial whether the evidence of Taylor or that of Kaufman be accepted. It was plainly manifest to Taylor, from his own testimony, that the plant would necessarily continue idle for a much longer period than ten days.

When the character and use of the property insured is known to the insurer, and in view of the known use and character of the manufacturing business conducted on the premises, continuous operation is not contemplated by the insurer and the insured during a portion of the time covered by the policy, the condition is affected thereby and a forfeiture of the insurance does not necessarily result. 2 Clement on Fire Insurance, 285; *Morotuck Ins. Co.* v. *Pankey*, 91 W. Va. 255, 21 S. E. 487; *Bellevue Roller Mill Co.* v. *London &*

*Lancashire Ins. Co.*, 4 Idaho 307, 37 Pac. 196. An insurance company issuing its policy on a manufacturing plant may be presumptively charged with knowledge of the usual and customary methods of conducting the business. *McKeesport Machine Co.* v. *Ben Franklin Ins. Co.*, 175 Pa. St. 53, 34 Atl. 16; *Virginia Fire & Marine Ins. Co.* v. *Thomas,* 90 Va. 658, 19 S. E. 454. Issuance and delivery of the policy with knowledge by the company or its agent of existing facts as to vacancy or non-occupancy, or that the building will be unoccupied for more than the limited or prescribed period, operates as a waiver or estoppel, preventing the company from claiming a forfeiture by reason of such facts. 2 Clement on Fire Insurance, 390, citing among many other authorities, the case of *Georgia Home Ins. Co.* v. *Kinnier*, 28 Gratt. 88. When the facts are thus known before the contract is made, a condition against the state of things known by all the parties to exist cannot be deemed to be within their intention or purpose.

"According to the weight of authority, a provision in the policy requiring that any change in its terms, or waiver thereof, shall be in writing or indorsed thereon, does not apply as to matters known to the company through its agents at the time of the negotiation or issuance of the contract." 32 Cyc. 1339.

"The issuance of the policy by the company is, according to the generally accepted rule, a waiver of a known ground of invalidity, and equivalent to an assertion that the policy is valid at the time of its delivery, although the facts known to the company would, under the express terms of the agreement, render it void or voidable." 32 Cyc. 1343, citing many decisions from thirty-two States, and numerous Federal jurisdictions.

Where the soliciting agent has knowledge of past conditions or existing facts which at the time would serve to void the policy, the company issuing the policy with this knowledge upon the part of its agent cannot insist upon such facts for the purpose of avoiding its liability. 32 C. J. 1330, citing numerous cases.

Restrictions inserted in a policy of insurance upon the power of the agent to waive any condition except in a particular manner, as by indorsing the waiver on the policy, do not apply to those conditions which relate to the inception of the contract. *Medley* v. *Insurance Co.,* 55 W. Va. 342; 13 L. R. A. N. S. 866.

The judgment of the circuit court will therefore be

*Affirmed.*