# CHARLESTON.

Mary Hamlet, *et al.* v. American Fire Insurance Company

(No. 6496)

Submitted October 1, 1929.    Decided October 8, 1929.

*Vinson, Thompson, Meek & Scheer,* for plaintiff in error.
*Lafe B. Chafin,* for defendants in error.

WOODS, PRESIDENT:

This is a proceeding by notice of motion for judgment, upon a statutory fire insurance policy. The case was heard upon an agreed statement of facts by the court, sitting in lieu of a jury. From such statement it appears that Sam Swan, on or before July 18, 1927, sold the property in question (a house and lot) to Mary Hamlet and Jeff Hamlet, her husband, and retained in the deed a vendor's lien for the unpaid purchase price. This deed was delivered but never recorded. On July 18, 1927, upon the application of Sam Swan, to whom there remained money due on the purchase price of the property, the local agent of the defendant insurance company "made and issued to Sam Swan its policy of fire insurance number 134 whereby Mary Hamlet, with loss payable clause to Sam Swan as his interest might appear, was insured against all direct loss or damage by fire to the improvements covered by said deed." At the time of the fire (November 10, 1927) there was due Sam Swan on the vendor's lien an amount in excess of $500.00, the amount of the policy. The loss was placed at $500.00. The court entered a judgment in favor of the plaintiffs, Mary Hamlet and Sam Swan, for the amount of the policy. It is from this judgment that the defendant prosecutes this writ of error.

The sole question here is in narrow compass. The question presented is whether there may be a recovery in view of the fact that the policy of insurance contained a provision to the effect that it shall be void, unless otherwise provided by agreement, if the interest of the insured in the property shall be other than unconditional and sole ownership, or if the property covered be upon ground not owned by the insured in fee simple. The rule in most of the states, and particularly is it

the established rule of this jurisdiction, is that this provision in the body of an insurance policy is inserted by and for the benefit of the insurer. It is to be construed, therefore, strictly against it, and liberally in behalf of the insured. If, therefore, its terms can be satisfied by a construction which will save the policy, and at the same time accord with the established rules of law, such construction must be adopted. *Booher* v. *Association*, 91 W. Va. 468; *Tucker* v. *Insurance Co.*, 58 W. Va. 30; *Coniglio* v. *Connecticut Fire Insurance Co.*, 180 Cal. 596; *Insurance Company* v. *Walsh*, 54 Ill. 164. Counsel for the insurance company have not cited us to, nor have we upon diligent search found, a decision in which the policy was avoided under the peculiar situation presented here. The courts of the country, as well as our own Court, have trenched far on the doctrine that the insured shall have the "sole and unconditional ownership," where the policy contains a provision to that effect in order to protect the policy from invalidity. To give a construction to this provision according to the literal meaning of the words employed would be to render all recoveries difficult. So, for instance, we have held that a complete equitable title in the assured will satisfy such provision. *Kimball Ice Co.* v. *Insurance Co.*, 100 W. Va. 728. Our latest expression goes much farther, declaring that where the seller has delivered goods to the buyer under a conditional sales contract, the interest therein is an equitable right, and in case of a destruction of such goods by fire, recovery thereof by the buyer on an insurance policy may not be defeated by the presence in the contract of this clause merely because the legal title is in the seller. *Cook* v. *Insurance Co.*, 105 W. Va. 375. Counsel for the company cites *Tyree* v. *Insurance Co.*, 55 W. Va. 63, in support of his position that there should be no recovery in this case. The facts there are strikingly variant to the ones here under consideration. There the *insured applied for and received the policy.* The assured represented himself to be the sole owner, whereas the title to the property was in his wife. JUDGE BRANNON, speaking for the Court, said: "A vital question is: Had Tyree an insurable interest in the dwelling house, it being his wife's separate estate? I am perplexed by the question. 'It has

become a fixed rule of insurance law that the assured must have an interest of some kind in the subject matter of insurance, whether property or life * * *'. 16 Am. & Eng. Ency. Law, 846. When there is no interest at all to be protected, a policy will be invalid, as counter to the spirit and purpose of the contract as well as against public policy. May on Insurance, ss. 74, 75.'' On that state of facts the court there held that such provision in an insurance policy was reasonable, and that no recovery could be had on the policy. This excerpt from the opinion in the *Tyree* case reveals the stress placed by the Court on the lack of an insurable interest in the insured in the property covered. In the case here the insured, Mary Hamlet, instead of having no interest in the property insured, owned an undivided one-half interest therein. Had she an insurable interest in the property? Such interest is defined in 32 C. J., p. 1111 to be: ''In general a person has an insurable interest in the subject matter insured where he has such relation or connection with, or concern in, it that he will derive pecuniary benefit or advantage from its preservation and will suffer pecuniary loss and damage from its destruction, termination, or injury by the happening of the event insured against.'' Concordant with this definition are the decisions from nearly all the states including our own. *Hawkins* v. *Insurance Company*, 80 W. Va. 773. So we may conclude that in fact Mary Hamlet had an insurable interest in the property destroyed by fire, and which is involved in this litigation. This phase of the case is adverted to only to emphasize the distinction between it and the *Tyree* case. Whether the Court would have decided differently had Tyree occupied a similar position to Mary Hamlet as to the ownership of the property insured, is not necessary to a decision of the case here. The instant case is vitally different in another respect. The policy was taken out by Swan, the vendor of the property, who retained on the face of the deed a vendor's lien to secure the payment of the purchase price. The insured made no application for insurance, neither was she interrogated as to her title therein. The agent, in full knowledge that Swan was not the owner, issued a policy on his representations.

The recital on the face of the policy that ''loss, if any, is

payable to Sam Swan, as his interest may appear'' shows that some one other than the reputed owner of the property claimed an interest therein. It is a reasonable presumption that the company would not have inserted this provision had they not been informed that Swan was claiming an interest of some kind or character in the property. What that interest was does not appear on the face of the policy. Was it not sufficient to put the agent on inquiry as to the extent of such interest of Swan? We think so. An inquiry from Mary Hamlet would have revealed not only the extent of Swan's interest, but the true extent of her ownership of the property. So, we have the principle laid down by Mr. Cooley in his Briefs on Insurance, Second Edition, Vol. 3, p. 2174, that: ''In general, it may be said that, where it appears on the face of the policy that another than the insured is interested in the insurance, there is sufficient disclosure that the insured is not the sole and unconditional owner of the property.'' Thus it was held, in *Lasher* v. *Northwestern Insurance Co.,* 55 How. Prac. (N. Y.) 324, that, where the loss is made payable to others than the insured as their interest might appear, this was equivalent to an express declaration that insured's interest was less than that of entire, sole and unconditional ownership. In line with this reasoning the Supreme Court of Massachusetts held that the recital in a policy where assured was the plaintiff and the loss payable to W. O. Company, ''as their interests may appear'', amounted to a declaration that the plaintiff was not the sole owner, and satisfied a warranty that assured's interest in the insured article was sole ownership, except as otherwise stated in warranties or indorsed on the policy. *Simpionbato* v. *Royal Ins. Co.,* 253 Mass. 606. Other cases uphold the principle hereinbefore stated by Mr. Cooley, i. e., *Lycoming Fire Insurance Co.* v. *Jackson,* 83 Ill. 302; *Bell* v. *Hanover Fire Ins. Co.,* 107 Ore. 513; *Davis* v. *Pioneer Ins. Co.,* 102 Wis. 394; *Germania Fire Ins. Co.* v. *Nickell,* 178 Ky. 1; *O'Neil* v. *Northern Ins. Co.,* 155 Mich. 564. So, in line with the authorities above, and the reasons upon which they proceed, and in view of the further fact appearing in the instant case that the company elected to issue its policy upon the representations of another than the assured, who

claimed an interest in the property, without making inquiry of the insured in regard to her title therein, and which inquiry would have necessarily brought out the insured's true situation as to title, it cannot avoid the policy after loss has occurred, on the ground that the interest of the assured was not correctly stated in the policy, provided the insured had an insurable interest therein.

The foregoing conclusion, of course, rests upon the power of the agent's acts to bind the company. Our cases hold that the agent of an insurance company, in preparing and directing the preparation of an application for insurance, acts for the company, and not for the applicant. He is the agent of the company, and not of the applicant, and in what he does, binds the company and not the applicant, if he acts improperly. If the company elects to issue its policy of insurance against a loss by fire without any regular application, or without representation in regard to the title of the property, with the knowledge of the agent that another is claiming an interest therein, it cannot complain after a loss has occurred, that the interest of the insured was not correctly stated in the policy. *Wolpert* v. *Northern Insurance Company,* 44 W. Va. 734; *Medley* v. *Insurance Company,* 55 W. Va. 346. Restrictions inserted in the policy upon the power of the agent to waive any condition, except in a particular manner, as by indorsing the waiver on the policy, do not apply to those conditions which relate to the inception of the contract as here. *Ice Company* v. *Insurance Company,* supra.

The judgment of the circuit court will therefore be affirmed.

*Affirmed.*