L. C. Kirk, Jr., *et al. v.* Queen Insurance Company
of America.

(No. 9455)

Submitted September 8, 1943. Decided November 9, 1943.

*Steptoe & Johnson, Stanley C. Morris, W. E. Miller* and
*E. Loyd Leckie,* for plaintiff in error.
*H. W. B. Mullins* and *C. E. Hall* for defendants in
error.

Lovins, Judge:

This is an action on a fire insurance policy instituted in
the Circuit Court of Boone County by L. C. Kirk, Jr.,
Emerson Kirk, infants, L. C. Kirk and Myrtle Kirk
against Queen Insurance Company of America. At the
close of the plaintiff's case, no evidence being offered by
defendant, plaintiffs and defendant moved the court for
a directed verdict in their favor. The trial court over-
ruled the defendant's motion, sustained the plaintiff's

motion, directed a verdict for the plaintiffs in the sum of one thousand five hundred dollars, the face amount of the policy, overruled a motion to set it aside, entered judgment thereon, and defendant brings the case here on writ of error.

In the year 1937 J. B. Pauley and S. J. Pauley, his wife, conveyed three tracts of land to plaintiffs, on one of which the insured building was located, the deed of conveyance reading in part as follows:

"The said parties of the first part hereby reserve unto themselves a life estate in said lands for the life of each, to be used and possessed by them for and during the natural life of each, and it is understood and agreed that there is a dwelling house and also a store house or business building on said lands, and it is agreed that in the event the said party of the second part desires to and does move on said premises and to use the said store house for a mercantile business at any time he shall have this privilege and without liability for rent of same, however, it is agreed that there is a post office in said building, and that the parties of the first part shall have the rent on said post office building while used for a post office.

"It is further agreed that the party of the second part may use the farm as he may desire, except that the parties of the first part shall have the right to use the garden and truck patches around the house, above and below, during their joint lives. It is further agreed that the said party of the second part shall have the right to build a dwelling house or other houses on said land during the lives of the parties of the first part, and shall have the right to occupy the same free from rent.

"It is further agreed that the said party of the second part and his wife and family may have the right to move into the same dwelling house now occupied by the parties of the first part, and repair the same and that all may live and dwell together, in the event the said second party so desires.

"It is further agreed that at any time the parties of the first part cease to use said store building for mercantile purposes, the second *part* may take and use the same as he may desire".

S. J. Pauley, one of the grantors in the deed hereinabove mentioned, died on or about June 16, 1938. J. B. Pauley, the other grantor is still living, and occupied the insured building until May, 1939, when he moved elsewhere.

The defendant issued a fire insurance policy on August 4, 1941, in the amount of one thousand five hundred dollars covering the building situate on the real estate conveyed by the Pauleys to plaintiffs, no written application for such insurance being made. The policy contains among others the following provision: "This entire policy shall be void, unless otherwise provided in agreement in writing added hereto, (a) if the interest of the insured be other than unconditional and sole ownership; or (b) if the subject of insurance be a building on ground not owned by the insured in fee simple; * * *". The insured building was totally destroyed by fire on August 20, 1941, and was at the time of the issuance of the policy and the date of the fire occupied by tenants who rented the premises from the adult plaintiffs.

Defendant filed specifications of defense, alleging breaches of the provisions of the policy above quoted, and plaintiffs filed a verified written statement that the policy was issued by a duly authorized agent of defendant on oral application; that the agent was informed by L. C. Kirk, Sr., that plaintiffs had a deed for the insured premises; that L. C. Kirk was not questioned relative to the title and made no false statements in regard thereto; and that the policy was a renewal of former policies issued by defendant.

Defendant contends that the policy is void because the reservation in the deed from the Pauleys to plaintiffs constitutes a breach of the provisions thereof hereinabove quoted, and that plaintiffs' evidence was not sufficient to

show waiver of such provisions. Plaintiffs' contention is that the stipulations contained in the deed from the Pauleys to the plaintiff, hereinbefore quoted, virtually eliminated the reservation of the life estate made therein; that there was no such estate owned by J. B. Pauley at the time of the fire as constituted a violation of the policy provisions; and that if there was such violation the same had been waived by defendant.

An adequate disposition of the controversy requires discussion of the estate owned by plaintiffs in the insured building at the time of its destruction. A life estate may be created by reservation in a deed of conveyance. *McDougal* v. *Musgrave*, 46 W. Va. 509, 33 S. E. 281. That part of the deed quoted above created and reserved a life estate to grantors and the survivor thereof. It is the contention of the plaintiffs that the stipulations in the deed are so repugnant to the enjoyment of a life estate that it is diminished to the vanishing point. It will be observed that the part of the deed relied on by plaintiffs relates to use, occupancy and possession of a portion of the land, certain improvements thereon and the joint use and occupancy of the insured building. If the reservation of a life estate and the agreements relating to use, occupancy and possession of the land owned are totally inconsistent, the approved rule of construction adopted by this Court requires that we give effect to the reservation and reject the qualifying provisions of the deed. *Paxton* v. *Oil Co.*, 80 W. Va. 187, 94 S. E. 472. But such inconsistency is partial only, and does not require that we apply the foregoing rule. The right to jointly use, occupy and possess the insured building was not relinquished by the plaintiff's grantors. We are required to consider the entire deed and to adopt a construction thereof most favorable to the plaintiffs. *Securities Co.* v. *Leather Co.*, 122 W. Va. 21, 7 S. E. 2d 49. Nevertheless, upon such consideration and construction favorable to grantors, Pauley and his wife owned a life estate in the insured building. The language of the qualifying provisions of the deed

subsequent to the reservation are not sufficiently definite to destroy the life estate previously reserved by the grantors. *Miller v. Nixon,* 90 W. Va. 115, 110 S. E. 541. It is unnecessary to define or determine the estate held by the Pauleys and the plaintiffs in any of the land and improvements other than the insured building and the land on which it was situate. As to the latter we hold that at the time of the fire there was an outstanding life estate in J. S. Pauley in the insured building, and that plaintiffs were not the sole owners of the fee simple estate in the land whereon the building was located. There was not the sole and exclusive mastery of the land necessary for a fee simple estate. *Arnd v. Lerch,* 162 Md. 318, 159 A. 587. The deed under which plaintiffs claim does not import to vest in them a fee simple title in the insured premises, and we cannot give it that effect.

The estate of the life tenant in the insured building may have been of little value to him, as he had gone elsewhere to live when the fire occurred; but the action of the life tenant was not sufficient to divest him of his life estate, nor was it sufficient to invest plaintiffs with one in fee simple. Where an insured has not sustained the entire loss, his interest is not unconditional and sole ownership. *Scott & Callaway v. Insurance Co.,* 70 W. Va. 533, 74 S. E. 659. A policy of insurance is not avoided where the complete equitable title to the insured property is held by the insured and the entire loss is borne by him. *Ice Co. v. Insurance Co.,* 100 W. Va. 728, 132 S. E. 714; *Palmetto Fire Ins. Co., v. Fansler,* 143 Va. 884, 129 S. E. 727. J. S. Pauley, being a life tenant in the insured building with the right to joint use and occupancy thereof so long as he lives, a destruction thereof necessarily resulted in a loss to him as well as to plaintiffs, and hence the latter did not sustain the entire loss resulting from the fire. The interest of the insured, meeting the requirements of the unconditional and sole ownership provisions of the policy has been aptly defined in the following language: "* * * the sole and unconditional own-

ership contemplates a beneficial and practical ownership. Such ownership is in those on whom the loss would certainly fall, not as a matter of mere contract obligation, but as a result of real *bona fide* rights in the property. To be unconditional and sole, within the meaning of the phrase, the interest or ownership of the insured must be completely vested, not contingent or conditional, nor in common or jointly with others, but of such a nature that the insured would also sustain the entire loss if the property be destroyed whether his title be legal or equitable, that is to say, insured's ownership is 'sole' when no one other than the insured has any interest in the property as owner, and is 'unconditional' when the quality of the estate is not limited or affected by any condition". *Va. F. & M. Ins. Co.* v. *Lennon,* 140 Va. 766, 125 S. E. 801.

The interest and ownership of plaintiffs in the insured building were not such as are defined above. The conditions of the policy, relating to fee simple ownership of the land by insureds and requiring that their interest be sole and unconditional ownership, have been approved and enforced. *Tyree* v. *Insurance Co.,* 55 W. Va. 63, 46 S. E. 706; *Franklin Fire Ins. Co.* v. *Bolling,* 173 Va. 228, 3 S. E. 2d 182. And unless waived, the express terms of the policy and the decisions of this Court call for avoidance of the policy held by plaintiffs.

The policy provisions here pleaded by the defendant may be waived when the insured has knowledge of the title at or prior to making the insurance contract. *Hamlet* v. *Insurance Co.,* 107 W. Va. 687, 150 S. E. 7. Knowledge of facts giving rise to the waived rights must be brought home to the insurer at or before the inception of the insurance agreement. It is attempted here to meet the requirement of such prior knowledge by a showing that when the oral application for the insurance policy was made that L. C. Kirk, Sr., one of plaintiffs, told the insurer's agent that plaintiffs had bought the property and that they had a deed therefor, and that the agent said he

was familiar with the property. This conversation on the part of one of the plaintiffs and the agent of the insurer lacks certainty. The agent's statement does not show that his knowledge of the property related to the estates held therein by J. B. Pauley and plaintiffs and cannot be a basis for the inference that the agent was familiar with the fact that plaintiff's estate was a remainder in fee, and that there was an outstanding life estate as hereinabove indicated. Upon consideration of the evidence adduced to show waiver, we hold that such evidence is insufficient.

Consistent with the foregoing, we reverse the judgment of the Circuit Court of Boone County, set aside the verdict, and award defendant a new trial.

*Judgment reversed; verdict set aside; new trial awarded.*